Judge Nicholas
delivered the Opinion of the Court.
The heirs and administrator of Roberts filed their bill against Q’Bannon, to recover compensation for the use of a small tract of land, which descended to them and the wife of O’Bannon, from Roberts, their father, and which O’Bannon had occupied since his death, and for some years previous thereto. The occupancy, during the life time of Roberts, they allege to have been under a lease, the terms of which they do not know, and require a discovery.
O’Bannon answered, that he originally took possession under a lease from Roberts, but that before-its expiration, having married his daughter, Roberts authorized him, after its expiration, to retain the possession, without any stipulation as to rent, and he so held at his death. He makes his answer a cross bill against the complainants, asserts a claim for improvements made by him on the land, and for his distributive share of the rents due by some of the other heirs, for portions of the real estate of Roberts, that had been used and occupied by them since his death.
Subsequently, the heirs of Roberts alone, without his administrator, filed another bill against O’Bannon, stating the occupancy of the land by him, as alleged in the first suit, and referring thereto ; also, that he had continued to occupy the land from the institution of the first to that of the second suit, and pray lor general relief to the extent they may be entitled.
The two suits were amalgamated and tried together, by consent, and the circuit court decreed in favor of the *55 complainants, the ascertained value of the rent of the land from the time of Roberts’ death, after deducting the amount of some improvements made by O’Bannon, but without any abatement for his share of the value of the rent of other lands of the decedent, which some of the complainants admit they were in possession of.
An adm’r and heirs having filed their bill for rents- the joinder being improper ; the heirs afterwards file a separate bill, for rents accrued after the filing of the former (irregular) bill, to which they refer: oh the hearing of both suits amalgamated, the first is properly dismissed, vith costs, for the misjoinder: but the heirs, upon their separate bill, referring to the former joint one," have a decree for the whole amount shown to bedue them by both bills.
The first suit contains a misjoinder of. parties. TÍie alleged causes of complaint in favor of the administrator and the heirs were separate and distinct, and could not properly have been joined together in the same bill. For all the rent duo in the life time of Roberts, the cause of action was exclusively in the administrator. For all that accrued after his death, it was exclusively in the heirs, whether based upon actual lease, or for mere use and occupation. But this defect, we think, is cured by the second suit, which is in the names of the heirs alone, and contains allegations and prayer substantially sufficient to sustain the decree, provided O’Ban-non be liable at all for his use and occupation. As the manner of his holding rests exclusively upon his own admissions, he cannot be treated or considered as in the attitude of a renter after the death of Roberts.
There is a surprising dearth of authority in the books, as to the responsibility of a parcener to his co-parceners for rents and profits. The absence of such responsibility at common law, from one joint tenant, or tenant in common, to his co-tenants, is distinctly stated and recognized by all the books. But none of the standard authorities, so far as we have been able to ascertain, intimate any opinion whether parceners come within the same rule or not. No sufficient reason is perceived why they should not. In neither case was the want of legal liability owing to a supposed want of right on the part of the parcener kept out of possession, but rather to a defect of legal remedy. The only common law remedy, applicable to fhe case, was the action of account, which diet not lie against any but guardians, bailiffs, receivers, and in favor of trade between merchants. Nor did it lie against the personal representatives of guardians, bailiffs and merchants until the statutes of 23d, gfith and 31st of Edward III. extended *56 it to the executors and administrators of merchants, and the statute 3d and 4th Anne extended it to the personal representatives of guardians and bailiffs. This latter statute also, for the first time, gave the remedy as between joint tenants and tenants in common. Yet it is said, 1 Eq. Ca. Abr. 5, that, prior to this statute, remedies for or against the executors and administrators of guardians, bailiffs and receivers, or for and against joint tenants, tenants in common, their executors and administrators, were usually had in chancery. See also, Comyn's Dig. title Chancery, 2 A 1-3, V 6; and 2 Fonbl. 184. Thus we find, in the two cases which happened in the reign of Charles I., Dean vs. Wade, and Drury vs. Drury, 1 Chy. Reps. 48-49, that one of two co-heirs was made to account to the other for a moiety of the profits.
The Virginia statute of 1748, 1 Dig. 267, is a transcript of the statute 3d and 4th Anne, and like it, though it gives the action of account as between joint tenants and tenants in common, yet no mention is made of parceners. This court, however, in the case of Graham vs. Graham, 6 Mon. 562, enforced an account of rents and profits, as between parceners, by bill in equity. The authorities referred to, in connection with the manifest fitness and propriety of some such remedy, do, we think, sufficiently sustain the power of so doing.
O’Bannon was entitled to relief on his cross bill in the first suit, for his share of the value of the occupancy of the land, admitted by some of the complainants to have been held by them; and, as the two suits were consolidated, the extent of relief to which he was entitled on that score, should have been ascertained and deducted from the amount to be decreed against him.— He should also be allowed costs on his cross bill, and the bill of complainants, in the first suit, dismissed with costs.
Decree reversed, with costs, and case remanded, with directions for a decree and further proceedings pursuant to this opinion.