Chief Justice Robertson
delivered the Opinion of the Court.
Thomas Combs having leased to Henry Branch, for a term of four years, upon annual rents, a tract of land of which he was seized in fee, died during the term, leaving a will, in which he directed that the land should be equally divided among his children, at the expiration of the term, and when his son Isham should become twenty-one years old, and in the mean time, rented out for the benefit of the devisees when Isham should attain twenty-one years of a(Te# ' ' ° *
.1117.1 After the testators death, the devisees brought- an action in their own names, on the covenant, for one year’s rent; and, the court having sustained a demurrer to the declaration, and thereupon rendered judgment in bar of the action—this writ of error is brought to reverse the judgment.
Had the interest of the plaintiffs been a bequest of personal estate, instead of a devise of land, we should have been inclined to the opinion, that no right was vested in them b.y the will until after the time fixed for a division; because legacies are construed according to the civil law, ° ° 7 *548 which would decide that, where there is nothing legatoryexcept in what may be implied in the direction to dis tribute, or, pay to a legatee, the legacy shall be deemed contingent, until the time for distribution or payment—■ nothing else appearing for determining the testator’s intention: for in such a case, the time of distribution on payment is considered as annexed as an implied condition to the gift itself. Roper on Leg. 1st vol. 386.
But the common law alone regulates the construction of devises of real estate; and according to the common law, such a devise as that described in this case, would be deemed to have given a vested interest from the testator’s death, to be apportioned in futuro, there being nothing which, in our opinion, shows a contrary intention. Roper, supra, and 14th East, 601.
' And therefore, as rent is an incident to the reversion, and there is nothing in the will indicating an intention to sever them in this, case, the. plaintiffs might maintain an action on the privity of estate, for rent accruing after the testator’s death.
But the declaration does not show, that the testator died before the year’s rent, for which this suit is brought, had accrued, or become due. And therefore, as the personal representative alone would have a right to sue for Sent due at the time of the testator’s death, the plaintiffs have not, by their count, shown a cause of action in themselves.
And consequently, on that ground alon.e, the demurrer seems to have been properly sustained.
therefore, the- judgment must be affirmed.