CHANCERY.    Atchison's Heirs, *vs* Lindsey, *et al.*

Case 21.    ERROR TO THE FAYETTE CIRCUIT.

*Jurisdiction. Foreign Administrator. Distribution.*

Oct. 1.    JUDGE MARSHALL delivered the opinion of the Court.

Case stated in the bill.
THIS bill was filed by the infant heirs and administra-
tor of the domicil of John Atchison, deceased, a citizen
of Kentucky, and domiciled here at the time of his death,
against James Lindsey, who administered on the estate
of the decedent, in South Carolina, but is himself a resi-
dent and citizen of Kentucky. The bill alledges that
Lindsey, as administrator in South Carolina, had there
received assets to a large amount, consisting of slaves
and their hire, debts, choses in action, and money; that
he had himself occupied parts of the real estate, as ten-
ant, before and since the death of Atchison, and had re-
ceived the rents and profits of other parts thereof, since
the death of Atchison, and that "the balance remaining
in his hands, on account of assets received by him as ad-
ministrator, and rents due from him as tenant, and mon-

ey received on account of rents, amounts to at least $10,000, after all debts and charges in South Carolina have been paid, which balance he has used and converted to his own use ," and interest is claimed thereon, according to the rate allowed in South Carolina, which is alledged to be ten per cent. The bill alledges the annual value of the real estate occupied by Lindsey in S. Carolina, and specifies other estate, of which he had received the rents, and putting specific interrogatories on all the subjects referred to, prays for an answer, and for an account of his indebtedness as administrator, and otherwise, that he may be decreed to pay, &c. and for general relief.

In answer, Lindsey denies that upon a fair settlement, he has in his hands one cent to which complainants are entitled : says he received but one slave, which was sold by the Ordinary, in South Carolina, and the proceeds paid to the complainants, without coming to his hands; that he received no hire for him ; that he is unable to set forth his account, because his vouchers and papers are in the hands of the Ordinary, from whom he received his appointment, and who refuses to give them up; that the complainants, he is informed, have instituted proceedings against him and his security in South Carolina, which prevents his obtaining his papers to settle with this Court; that he is advised the Court from which he recived his appointment, is the proper tribunal with which to settle his accounts, and that being willing to settle there, he prays this suit may be dismissed.

To this answer, which fails entirely to respond to the special allegations and interrogatories of the bill, the complainants excepted, and afterwards the case, without further steps taken, having been submitted, a decree was rendered, dismissing the bill with costs.

The answer being clearly insufficient as a response to the facts alledged, and inquiries made in the bill, the decree can only be sustained upon the ground that there is either in the bill or answer, something to show that the defendant was not bound to make further response, and that the complainants were entitled to no relief. If the bill had sought to charge the defendant only for assets re-

*Margin notes:*

ATCHISON'S HR'S
vs
LINDSEY, et al.

Answer of Lindsey.

A bill in chancery may be entertained in this State, against one who is an administrator in South Carolina, who has received "rents accruing since the death of the in-

ATCHISON'S HR'S
vs
LINDSEY, et al.

testate, or for
rents owing for
the use of his
lands since his
death, where the
heirs are infants,
and reside in
Kentucky such
an one will be
regarded as a
trustee.

ceived in South Carolina, as administrator appointed in that state, it might be assumed that the bill had been dismissed upon the ground, that for such assets he was accountable and responsible before the tribunals of that State alone. But the bill charges the defendant with having received the rents and issues of the real estate of the decedent, situated in South Carolina, partly under a lease from the decedent to the defendant, at a specified yearly rent, and as to the residue, without any such authority; and as according to our laws, and to the common law, which we know to be the basis of the jurisprudence of S. Carolina, the rents and profits of real estate accruing after the death of the owner, go with the land to the heir, and do not pass to the personal representative as assets; we must, in the absence of proof, and even allegation, that the laws of South Carolina are different from ours on this subject, regard this part of the demand, whether for rent due from Lindsey on a lease to him, or for rent received by him from others, as being *prima facie* at least wholly unconnected with his accounts, and reponsibility as administrator, and as being a mere personal demand, enforcible against him wherever he may be found. And whatever may be said against entertaining the remedy in Chancery, for the recovery of the rents due from him as lessee, we apprehend that as to other rents actually received by him from the real estate of the heirs, all of whom are infants, he may properly be regarded as a trustee for them, and be held amenable as such in a Court of Equity. To this extent, therefore, if no farther, he was bound to respond to the allegations and interrogatories of the bill, and the exceptions to his answer should have been sustained. And as he does not object to the jurisdiction of the Court, except so far as he is charged as administrator, we do not perceive that the Court was bound, on the exceptions to his answer, to discriminate between his liability for rents due by him as a lessee and for those received by him without authority. A full answer as to both classes, may have been necessary to make the discrimination; and no discrimination in reference to the question of jurisdiction might finally have been required.

But was the answer sufficient as to that part of the demand which relates to the assets received by Lindsey as administrator in South Carolina? Or in other words, can Lindsey, a citizen and resident of this State, avoid all accountability and responsibility here for money in his hands belonging to the complainants, on the ground that having received it in South Carolina, as administrator appointed under the laws of that State, the tribunal which appointed him is the proper one with which to settle his accounts?

The principle on which this claim of irresponsibility here is founded, is that the assets situated in S. Carolina, and received there by the administrator appointed under her authority, are to be administered according to her laws. But it is also a well settled principle of international law, that the law of the domicil of the intestate, shall govern in the distribution of his assets wherever they may be situated. It is only for the benefit of creditors belonging to the State or nation where the assets may happen to be, and whose interests it is the duty of the State to protect, that the administration granted there is to be regulated by the law of that place. But conceding that the State where the assets may be, and where an administration foreign to the domicil of the decedent may be appointed, has the right, not only to hold the assets there situated, subject to the claims of its own citizens as creditors, entitled to be paid according to its own laws, but also to hold them subject to the claims of all creditors, to be paid according to the same laws, does it follow that when there are no longer any such claims upon them, and the remaining surplus belongs exclusively to those who are entitled to distribution according to the law of the domicil, this surplus can be demanded of the foreign administrator no where but in the State under whose laws he was appointed? Or is it not more reasonable to say, that to this extent the demand is personal, and enforcible wherever the administrator may be found? And however this may be, would it not be unreasonable, and a sacrifice of substantial justice to a mere shadow, to say that when the foreign administrator is not a citizen of the State in which he obtains administration, but is a resi-

*[margin note, top right:]* ATCHISON'S HR'S *vs* LINDSEY, *et al.*

*[margin note:]* The law of the domicil of one dying intestate, is to govern the distribution of assets, wherever they be.

dent citizen of the State of the decedent's own domicil, he may protect himtelf from responsibility there for the surplus in his hands, by suggesting that he is accountable to the tribunal which appointed him, and is willing to account there? Shall the distributees be compelled to go to South Carolina to compel an administrator resident in Kentucky to account before the Ordinary in South Carolina? And when he who is the real debtor is here, shall they be driven to sue his surety in the administration bond in South Carolina? And how long may he claim impunity and irresponsibility here, on the ground that he is properly subject to the tribunals of that State? This answer was filed nine years after the grant of administration to him, and there was yet no settlement. As administrator, appointed in South Carolina, Lindsey is unquestionably amenable to her laws for his administration of the assets found there, and is liable to be called to account there for his conduct as administrator. And altho' the Courts of this State may not undertake to enforce the laws of that State in this respect, they are bound to give him the benefit of them, by paying due respect to the decree of any Court of that State in the premises, and to any law of that State which may prescribe the duties of the administrator. But we do not concede, that because he was appointed administrator there, and received the assets there, he cannot be held responsible to any extent, and under any circumstances, in the tribunals of this State, for the surplus remaining in his hands, and to which citizens of this State are, according to all laws, justly entitled. In the case of *Campbell* vs *Tousey*, (7 *Cowan*, 64,) the Supreme Court of New York decided that a foreign executor coming into that State, might be sued there, and held responsible for assets in his hands in that State. In Pennsylvania the same doctrine is understood to have been maintained, in the cases of *Swearingen's ex'rs.* vs *Pendleton's ex'r.* (4 *Sergeant & Rawle*, 389-392.) *Evans* vs *Tatem*, (9 *do*. 252–259,) *and Bryan* vs *McGee*, (2 *Wash. Cir. Ct. R.* 337.) And in this Court, the cases of *Hopkins* vs *Towns*, (4 *B. Monroe*, 124,) *and Davis* vs *Connelly's ex'r.* (*Ib.* 140,) seem to incline to the same doctrine. Other authorities of great weight are of

a contrary tenor. But the case of *Dorsey's ex'rs.* vs *Dorsey's adm'rs.* (5 *J. J. Marshall*, 230,) decided in this Court, is directly in point to the present question, since it decides explicitly that the distributees of the decedent may enforce distribution here, if the Maryland administrator shall have removed and settled in this State, (p. 282.)

ATCHISON'S HR'S
*vs*
LINDSEY, *et al.*

Upon the express authority of this case, and under our own sense of what is required by convenience and justice, and of the comity due to the sovereignty and laws of South Carolina, we are of opinion, that the mere fact that Lindsey was appointed administrator in that State, and received there the assets for which he is now charged, does not of itself exempt him from all liability to be sued in the tribunals of this State, for a claim growing out of his having thus received the assets, to the proceeds of which the complainants or some of them are entitled. Whether any decree should finally be rendered against him on this account, may depend upon the facts disclosed in his answer, and upon the proof. But we think he was bound to answer, and that the exceptions to the answer filed, should have been sustained. Whether the administrator, who was made a joint complainant with the heirs of Atchison, can be entitled to any specific decree in his favor, it is unnecessary, in the present stage of the case, to decide. He was a proper party in this suit, and his being made a co-complainant, does not affect the right of the heirs to the appropriate relief.

A foreign adm'r. found in Kentucky, is responsible here to distributees for any surplus in his hands, after the payment of the debts claimed and allowed in State where the administration is granted.

The decree dismissing the bill is reversed, and the cause remanded, with directions to sustain the exceptions to Lindsey's answer, and for further proceedings.

*Robinson & Johnson* for plaintiffs : *Pindell* for defendants.