CASE 14—PETITION EQUITY—JUNE 20.

# Rank v. Hill's adm'r.

## APPEAL FROM BOURBON CIRCUIT COURT.

RENTS OF LAND ACCRUING AFTER THE DEATH OF THE DECEDENT ARE NOT ASSETS in the hands of the administrator. This common law rule is still in force in Kentucky.

Section 30, article 2, chapter 37, Revised Statutes (1 Stanton, 508), providing for the apportionment of the rent of a freehold, or other uncertain interest in land, between the personal representative and the successor, in case of the lessor's death within the year, should be treated as merely declaratory of what was already the law, and should not be held as investing personal representatives with the right to take as assets rents accruing after the death of the owner of the realty, even though he may have held the same in fee.

R. T. DAVIS, . . } . . . . . . . . For Appellant,
JOHN A. PRALL, }

CITED

Revised Statutes, section 30, chapter 37, 1 Stanton, 508.
Williams on Executors, 697, 698.
4 J. J. Marshall, 50, Oldham v. Collins.
1 Metcalfe, 503.  2 Bush, 582.

6 Monroe, 603, Williamson's administratrix v. Richardson.

2 Dana, 54, 55, O'Bannon v. Roberts.

4 Dana, 548, Combs v. Branch.

JOHN B. HUSTON, . . . }
ALEXANDER & TURNEY, } . . . . . . . For Appellee,
                    CITED

6 Monroe, 602, Williamson's administratrix v. Richardson.

4 Dana, 548, Combs v. Branch.

2 Dana, 55, O'Bannon v. Roberts.

Revised Statutes, section 30, chapter 37.

Revised Statutes, section 5, chapter 56.

Morehead and Brown's Statutes, 666.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

We are of opinion that the exceptions to the commissioner's report, in so far as they involved questions of fact, were properly disposed of by the court below.   Certainly the appellant has no right to complain.

The only difficulty presented by the record is as to the propriety of the action of the court in the apportionment of the rent between the administrator and the heirs of the decedent, Hill, or rather in determining that such portion of the rent as accrued after the death of Hill was not assets in the hands of the administrator.

Sec. 30, art. 2, chap. 37, of the Revised Statutes (1 Stanton, 508), expressly provides that such shall be the rule in cases in which the lessor has a "freehold or other uncertain interest in land," and seems to imply that the common law rule shall not govern in cases in which the estate owned by the lessor was, as in this case, an estate in fee, and therefore not a "*freehold*" in the technical and restricted sense in which that term is used when applied to estates for life.   The section under consideration is substantially nothing more than a re-enactment of the 48th section of the act of 1797 (1 Statute Laws, 668), which was never held to change the common law.   It is true there is no reported case in which this section of the act

of 1797 is directly referred to; but it was the law of the state when the cases of Williamson's adm'r v. The Richardsons (6 Monroe, 596), O'Bannon v. Roberts's heirs (2 Dana, 54), Combs's devisees v. Branch (4 Dana, 547), and Atchison's heirs v. Lindsey *et al.* (6 B. Monroe, 86), were adjudicated by this court, and yet in each of these cases the common law upon this subject was recognized as still being in force in Kentucky, and the rights of the parties settled in accordance therewith.

Under such circumstances we are inclined to the opinion that the section of the Revised Statutes referred to should be treated as merely declaratory of what was already the law, and should not be held as investing personal representatives with the right to take as assets rents accruing after the death of the owner of the realty, even though he may have held the same in fee.

The judgment of the circuit court must be affirmed upon both appeal and cross-appeal.