Redmon, &c., v. Bedford.

---

CASE 4—ORDINARY—JANUARY 19, 1882.

## Redmon, &c., v. Bedford.

APPEAL FROM BOURBON CIRCUIT COURT.

A tenant for life having permitted T. to sow a field in wheat; each party furnishing half the seed; each to have half the crop after it was threshed. The life-tenant died during the year. Held, that the relation of landlord and tenant existed. After deducting the value of the wheat furnished by the life-tenant, the remainder of the crop·

should be apportioned between the remainderman and the representative of the life-tenant.

CHARLES OFFUTT for appellants.

The General Statutes expressly recognize a letting on the shares as a renting. (Sec. 1, art. 5, chap. 66.) The life-tenant is not an owner, and, of course, his interest ceases at his death, and *eo instanti* the interest of the remainderman takes effect. (1 Johnson, 267; 8 *Ib.*, 152; 3 Hill, 90; 3 Zab., 390; 2 Rawle, 11; Buller's Nisi Prius, 80.)

BRENT & McMILLAN for appellee.

That no renting by the life-tenant was contemplated we think is perfectly clear. There was no agreement to pay any certain amount. No term is fixed. No interest in the freehold ever passed to Tate. (Taylor on Landlord and Tenant, sec. 24; 2 Black. Com., 41; 3 McChord's Rep., 211; Gen. Stat., chap. 66, art. 5, sec. 1; *Ib.*, chap. 39, art. 2, sec. 27.)

JUDGE PRYOR delivered the opinion of the court.

Redmon died in June, 1879. He held an estate for life in a tract of land in the county of Bourbon, with the remainder vested in his children. Preceding his death and for that year he rented to or permitted one Tate to cultivate a field in wheat on the shares: Redmon to furnish one half the seed wheat, and Tate the other half. Tate was to sow, cultivate, and cut the wheat; pay for threshing, and give to Redmon one half the crop after it was threshed, to be delivered at the machine. Nothing was said about the time of renting. Tate, with his teams, put in and harvested the crop, and when the wheat was ready to be delivered, Bedford, the appellee, who had administered on the goods of Redmon, took one half of the wheat; and this controversy is between Bedford and the heirs or children of the decedent, the latter claiming an interest in the crop, or a part of the rent. We think the appellants were entitled to recover, and that the relation of landlord and tenant existed between the life-tenant and Tate. The 1st section of article 5 of chapter 66, General Statutes, provides that

when contracts are made by which the landlord is to receive a portion of the crop as compensation for the use or rent of the land, the rights of the landlord shall be protected, even against an innocent purchaser, so long as the crop remains on the land, although severed from it, but does not apply to an innocent purchaser, without notice, after its removal, for twenty days, from the rented premises on which it is planted. The use of land, under like contracts, is common within the state, and it is evident, from the provision of the statute referred to, that the relation of landlord and tenant exists in such cases, although no defined term is to be found in the contract between the parties, nor had the renting terminated at the death of the life-tenant. (See sec. 29, Gen. Stat., chap. 39.)

The tenant has the right to the exclusive use of the land for the purpose of planting, maturing, and harvesting his crop, and could maintain trespass for an unlawful entry upon it. Section 30 of article 2 of chapter 39, General Statutes, provides:

"When a person who has a freehold, or an uncertain interest in land, shall rent out the land and die before the rent shall become due, the rent of the land shall be apportioned between the personal representatives of the deceased and the person who shall succeed to the land as heir, personal representative, devisee, or person in reversion or remainder, unless in the case of a devisee the will shall otherwise direct."

Neither sections 27 or 28 apply to a case of renting, nor do we mean to adjudge that they apply to the case of a life-tenant; it is not necessary to decide that question. After deducting the value of the wheat furnished by the life-tenant for sowing the ground, the balance of the rent

should be apportioned between the remainderman and the representative of the life-tenant.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.