CASE 57.—ACTION BY MARGARET CAIN'S ADMINISTRATOR AGAINST THE KENTUCKY & INDIANA BRIDGE AND RAILROAD COMPANY TO RECOVER THE ALLEGED VALUE OF HER DOWER INTEREST IN A CERTAIN LOT.—January 25.

## Cain's Adm'r v. Ky. & Indiana Bridge and R. R. Co.

Appeal from Jefferson Circuit Court, Chancery Branch (First Division).

SHACKELFORD MILLER, Judge.

From the judgment plaintiff appeals. Affirmed.

1. Dower—Demand for Assignment—Failure to Make.—Under Ky. Stats., 1903, sec. 2132, which provides that after the death of either the husband or wife the survivor shall have an estate of dower for his or her life in one-third of all the real estate of which the other was seized during coverture, the right to have dower assigned ends at the death of the surviving husband or wife, and does not pass to the personal representative.

vol. 124—29.

2.  Same—Rents and Profits.—Under the direct provisions of Ky. Stats., 1903, sec. 2138, a surviving wife is entitled to one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned; and, the rental paid her being all that reasonably could have been demanded, her administrator cannot recover more.

3.  Covenants—Covenant Against Incumbrances—Construction— Creation of Trust.—A deed from the heirs of a deceased owner of land contained a covenant warranting the title against all claims and incumbrances, except the dower of the widow of the deceased owner, "which claim for dower said second party (grantee) is to procure without cost to said first parties." Held, the language of the covenant did not create a trust in favor of the widow and a lien upon the lot as security for the value of the dower interest, the value of which it was alleged was retained by the grantee out of consideration for the premises.

4.  Same.—A deed from the heirs of a deceased owner of land contained a covenant warranting the title against all claims and incumbrances, except the dower of the widow of the deceased owner, "which claim for dower said second party (grantee) is to procure without cost to said first parties." Held, that the language of the covenant did not impose upon the grantee any undertaking to compel the widow to assert her claim of dower, or to take legal steps to divest her of it.

FONTAINE T. FOX for appellant.

POINTS AND AUTHORITIES.

1.  What is an equitable lien. (Pomeroy's Equity, vol. 3, page 242, sec. 1244; Ibid, vol. 3, page 232, sec. 1235; Ibid, vol. 3, page ——, sections 1233, 1234; Ibid, vol. 1, page 146, sec. 166.)

2.  Who is an innocent purchaser without notice, or a purchaser with notice. (Pomeroy's Equity, vol. 2, page 36, sec. 604; Ibid, vol. 2, page 40-1, sec. 606; Ibid, vol. 2, page 45, sec. 608.)

3.  Nature and species of constructive notice. (Pomeroy's Equity, vol. 2, page 46, sec. 609; Ibid, vol. 2, page 65, sec. 626; Ibid, vol. 2, page 66, sec. 627; White & Tudor's Cases in Equity, Amer. notes, vol. 2, pages 144, 153 and 157; Ibid (LeNeve v. LeNeve), part 1, vol. 2, page 109; Johnston v. Gwathmey, 4 Litt., 321; Honore's Exor. v. Bakewell, 6 B. M., 73; Pepper v. Thomas, 85 Ky., 542; Davis v. Logan, 9 Dana, 187; 94 U. S., 734; 18 U. S., 332; 93 U. S., 631; 101 U. S., 731; 14 Wall., 244; Graves v. Graves, 1 A. K. Mar., 109; Corn v. Sims, 3 Metc., 400-1.)

Cain's Adm'r v. Ky. & Ind. Bridge & R. R. Co.

4.  The trial judge erred in his construction of defendant's exceptions to commissioner's report.

5.  The trial judge erred in dismissing petition based on his own misconstruction.

6.  Criticism. of the application made by the trial judge of Bailey v. Louisville Railway Co., 22 Ky. Law Rep., 1399, to the commissioner's report.

HUMPHREY & HUMPHREY and CHAS. G. MIDDLETON for appellee.

### POINTS AND AUTHORITIES.

1.  The dower interest of the wife, being a life estate in one-third of the real property of which the husband was seized, ceases with the death of the wife.  (Holmes v. McGee, 20 Miss., 411; Stockwell v. Sargent, 37 Vt., 16.-

2.  The administrator, in the absence of debts of his decedent, being only concerned with the personal property cannot enforce an action to recover an interest in real property belonging to his decedent.  (A. & E. Ency. of Law, vol. 11, 1035, and numerous cases cited there.)

3.  By the agreement in the deed of 1886 the Kentucky & Indiana Bridge Company bound itself to secure the dower interest of Margaret Cain only in the event that the said Margaret Cain, or her committee or friends, undertook to enforce the same.

4.  Assuming that the agreement in the deed of 1886 is in accordance with the appellant's contention herein still the Kentucky & Indiana Bridge Company has fully performed the same. (Section 2132, Kentucky Statutes.)

5.  The position of the appellee herein is entirely equitable.

6.  The appellee herein is a bona fide purchaser for value.

7.  The appellee was not put upon notice by agreements not appearing on the face of the deed, or by agreements in the deed which would not put a reaonably diligent person upon notice. (Bailey v. Southern Ry. Co. in Ky., 22 Ky. Law Rep., 1379.)

8.  Assuming that the appellee was put upon notice, yet, as the Kentucky & Indiana Bridge Company had fully performed its part of the agreement there can be no claim upon the property in favor of Margaret Cain, or her representative.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Prior to 1886 Thomas Cain died in Jefferson county, intestate, leaving surviving him a widow, Margaret Cain, then and until her death an adjudged lunatic, and three adult children, John Cain, Ellen Cain and Mary A. Cain, who were his only heirs at law. In 1886 his three children sold and by deed conveyed to the Kentucky & Indiana Bridge Company a certain tract of ground in the city of Louisville at the agreed price of $1,500, cash in hand paid. By a covenant expressed in the deed the grantors warranted the title conveyed "against all claims and encumbrances, except the dower of Margaret Cain, widow of said Thomas Cain, which claim for dower for said second party (grantee) is to procure without costs to said first parties." The lot in question was in 1898 sold, with other property of the Kentucky & Indiana Bridge Company, under a decree rendered in a suit brought against it by the Youngstown Bridge Company, and immediately thereafter the Kentucky & Indiana Bridge Company went out of existence. Judson Harmon and A. P. Humphrey became the purchasers of the lot and other property sold under the decree referred to, and, the sale having been duly confirmed by the court, they were by deed invested with the title to the property. Later these purchasers sold and by deed conveyed the lot to the appellee, Kentucky & Indiana Bridge and Railroad Company, the present owner thereof. Margaret Cain died in the year 1896, and on January 15, 1903, nearly seven years after her death, appellant, Andrew J. Sea, Jr., as administrator of her estate, instituted this action against appellee, present owner of the lot in question, to recover of it the alleged value of Margaret Cain's dower therein, which is placed in the petition at $500.

Appellee resisted the recovery sought upon various grounds set forth in its answer as amended, some of which it will be unnecessary to discuss. On final hearing the lower court reached the conclusion that there was no merit in the claim of the administrator; hence, by the judgment rendered, the action was dismissed, and the administrator has appealed.

We are of opinion that the judgment complained of was the only one that could properly have been rendered on the record presented. Dower is thus defined by section 2132, Ky. Stat., 1903: "After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished. * * *" Section 2138 of the Kentucky Statutes, supra, provides: "The wife shall be entitled to one-third of the rents and profits of her husband's real estate from his death until dower is assigned. * * *" It is conceded that Mrs. Cain was entitled to dower in the lot sold and conveyed appellee's vendor by the heirs at law of her deceased husband, Thomas Cain, and that it was never assigned. It might have been assigned by procurement of a committee appointed by the court for that purpose, or at the suit of the other parties in interest, but the fact remains that it was not done. This being true, the right to have dower assigned ended at her death, because the dower interest was extinguished by the happening of that event. Therefore such right did not survive or pass to the personal representative, and he cannot claim or exercise it. But as the widow continued the owner of the dower until her death, and it remained unassigned, she was, by virtue of the pro-

visions of the statute supra, entitled to receive one-third of the rents and profits of the entire lot as long as she lived; that is to say, from the death of her husband down to the time of her own death. Martin v. Curd's Admr., 1 Bush, 327; Wilson v. Ewing, 79 Ky., 549; Morton's Exrs. v. Morton's Exr., 66 S. W. 641, 23 Ky. Law Rep. 2079.

It appears from the record that she received from appellee's predecessor, the Kentucky & Indiana Bridge Company, $30 per year as long as she survived her husband. Indeed, the last annual payment seems to have embraced the entire rental year, in the early part of which she died. The yearly rental thus paid Mrs. Cain was arrived at in this way: As the estimated market value of the entire lot was $1,500, and one-third of that sum $500, six per cent interest thereon would amount to $30 per annum, which was the sum annually paid her as the rental value of her dower in the lot. This appears from the record to have been a fair basis for ascertaining what the widow should have received by way of income from her dower interest in the lot. It is not denied that appellee's vendor paid the $30 annual rental for the time alleged in the answer, or that the widow got the benefit of it. No explanation of the failure to assign dower before the death of the widow appears in the record. If, as we suspect, it was because the lot was indivisible, that fact would seem to afford a reason for such failure, as a suit for its sale and a division of the proceeds would have been necessary, which would have put the widow and heirs at law to considerable cost, and might have resulted in a sale of the lot upon terms less advantageous to both the widow and heirs than those upon which it was privately sold by the latter. And in an action for a decretal sale of the lot and division of the proceeds the widow, instead

of being allotted dower in kind, would have received its value in money according to her expectancy of life as shown by the American Annuity Table. It appears from the report of the commissioner, found in the record, that her age at the time of the conveyance of the lot by her children to appellee's vendor was 55 years; that her dower interest in the lot, according to the life table, was then valued at $315.86. If this sum had been received and invested for her at 6 per cent it would have given her an annual income of $18.95, or $12 less per annum than she received in the way of rents upon her dower interest.

It is insisted for appellant that the covenant of the deed from the heirs of Thomas Cain to the Kentucky & Indiana Bridge Company, quoted in the opinion, created a trust in favor of the widow, Margaret Cain, and a lien upon the lot as security for $500, the value of the dower interest therein, which sum was retained it is claimed, by the bridge company out of the consideration for the lot. It is also insisted that the covenant obligated the bridge company to procure the relinquishment or conveyance of the dower interest of the widow in the lot upon the payment to her or her committee of its value, that the bridge company wholly failed to comply with its undertaking, and that appellee purchased and acquired title to the lot with notice of the alleged trust and lien, and by reason thereof cannot prevent the sale of the lot in satisfaction of the amount claimed by appellant as the value of Margaret Cain's dower. We think such an interpretation of the clause of the deed in question enlarges its meaning beyond what was intended by the parties; and is, besides, unwarranted by its language. Fairly construed, its meaning is that the grantors warranted the title generally, except as against the dower interest of Margaret Cain, and the language, "which claim

for dower said second party is to procure without cost to said first parties," can have no other meaning than that the title conveyed was not a complete one, that Margaret Cain was entitled to dower in the lot, and that the bridge company must procure that dower interest in its own way, if it should be asserted, without cost to the grantors. The language of the covenant does not in terms or by implication create a trust or lien, or impose upon the grantee any undertaking to compel the widow or her committee to assert her claim to dower, or to take legal steps to divest her of it. It was manifestly inserted in the deed for the protection of the grantors against liability upon their warranty, to relieve them from any and all cost that might result from the assertion of a claim to dower in behalf of the widow, or an effort by the grantor to divest her of it.

The record presents neither allegation nor proof of fraud or mistake in the language or execution of the deed as a whole, or in the particular clause under consideration. It also fails to furnish any evidence conducing to establish the alleged trust, or to prove a lien, and the claim that $500 of the consideration expressed in the deed was retained by the bridge company to satisfy the widow's claim of dower is also wholly unsupported by proof. We fail to discover in the clause of the deed copied in the opinion anything that could have apprised appellee when it acquired title to the lot of the existence of a trust or lien in favor of Margaret Cain, and it is not claimed that it otherwise received notice that the lot was charged with such trust or incumbered by lien. The deed, instead of showing the alleged lien, acknowledges the payment of the entire consideration for the lot, which indicates the non-existence of a lien. It is true it gave notice that Margaret Cain had not parted

with her dower interest in the lot at the time of the execution of the deed, but, as she died two years before appellee acquired title to the lot, and that fact was presumptively known to appellee, whatever may have been disclosed by the deed as to the dower, instead of apprising it of a secret trust or lien, if either had in fact ever existed, could have conveyed no other meaning than that Margaret Cain's claim to dower had been adjusted during her lifetime, or that it ceased at her death. Margaret Cain was, as we have already indicated, entitled to dower in the lot, of which her husband died the owner, by reason of her survivorship, and not because of the covenant contained in the deed from her children to appellee's vendor. Her dower right was not asserted, or dower assigned her during life, and after her death it could not be asserted or enjoyed by another, as it no longer existed. The fact that she was incapacitated to assert the right by her insanity, or that no steps were taken by others (who might and ought to have acted in her behalf) to have dower asigned her, cannot alter the legal status resulting from the failure to have dower assigned. But this is not more certainly true than that the failure to assign dower did not affect the widow's right to receive one-third of the rents and profits of her husband's real estate as long as the dower remained unassigned, which, in the case at bar, was as long as she survived the husband. This she did, and the rental paid her, though small. being all that could reasonably have been demanded on that score, her administrator cannot exact more.

The conclusions expressed being decisive of the case, we deem it unnecessary to consider other questions presented by the record.

Judgment affirmed.