Eastwood v. Sisk.

CASE 92.—ACTION BY BETTIE L. EASTWOOD AGAINST A. D. SISK TO RECOVER RENT.—May 29.

## Eastwood v. Sisk

Appeal from Hopkins Circuit Court.

J. F. Gordon, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Descent and Distribution — Rights of Widow — Rent — Action— Petition—Sufficiency.—Ky. Stats., 1903 sec. 2132, provides that after the death of either husband or wife, the survivor shall have an estate for life in one-third of all real estate of which he or she was seised in fee simple during cover-

ture, unless such right shall be barred, forfeited, or relin-
quished, and the survivor shall have an absolute estate in
one-half of the surplus personality left by such decedent.
Sec. 3865 provides that, when a person who has a freehold,
etc., shall rent out the land and die before the rent shall become
due, the rent shall be apportioned between the personal rep-
resentatives of the deceased and the person who shall suc-
ceed to the land as heir, personal representative, devisee,
or person in reversion or remainder, etc. Sec. 2138 provides
that the wife shall be entitled to one-third of the rents and
profits of her husband's dowable real estate on his death,
until dower is assigned to her, etc. Held, that a petition
alleging that plaintiff and her deceased husband leased cer-
tain land for an annual rent to defendant, that the rent had
been paid to a certain date only, and seeking to recover the
balance, but failing to allege that dower had not been assign-
ed plaintiff since her husband's death, and before the accrual
of the rent sued for, did not show a right in plaintiff to
recover.

F. M. HUTCHISON for appellant.

WADDELL & DEMPSEY for appellee.

Opinion of the Court by Judge Settle—Affirming.

This is an appeal from a judgment of the Hopkins
circuit court sustaining a demurrer to and dismissing
appellant's petition. The action was instituted by
her to recover of appellee $320.57½, with interest
from October 1, 1906, claimed as rent due her on a lot
in the city of Madisonville in appellee's possession.
The facts alleged in the petition as constituting appel-
lant's cause of action were, in substance, that she
and her former husband, W. A. Ashby, by written
contract of date July 20, 1895, leased to appellee for
a term of 15 years, beginning January 1, 1896, the lot
in question at the price of $100 per year, payable in
semi-annual installments of $50 on the 1st day of
January and July of each year; that appellee took

possession of the lot pursuant to the lease contract, and yet holds it, but has paid no part of the rent due thereunder since January 1, 1901. The petition contains the further averments that appellant's former husband, W. A. Ashby, died in the year 1896, intestate, leaving, besides his widow, two sons, C. G. Ashby and James M. Ashby, surviving him, and that the latter in 1900 sold and conveyed appellee their undivided interests, respectively, in the lot, since which time he has failed and refused to pay any rent thereon; that the rents accrued on the lot since January 1, 1901, constitute a part of the surplus personal estate left by her deceased husband; and that appellant as his widow is entitled to one-half thereof, to-wit, $320.57½, the amount sued for. It also appears from the allegations of the petition that after the death of W. A. Ashby appellant became the wife of Perry Eastwood.

It is insisted for appellant that the facts alleged in the petition entitle appellant to recover, either under section 2132 or section 3865, Ky. Stats., 1903. Section 2132 provides: "After the death of either husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seised of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent." Section 3865 provides: "When a person who has a freehold, or an uncertain interest in land, shall rent out the land, and die before the rent shall become due, the rent of the land shall be apportioned between the personal representatives of the deceased and the person who shall succeed to the land as heir, personal representative,

devisee or person in reversion or remainder, unless in the case of a devisee .the will shall otherwise direct." Rents which accrue before the death of the owner of the real estate vest at his death in the executor or administrator, as the case may be; but rents which become due after his death must be apportioned among those who would be entitled to take the real estate itself at the death of the owner and in the same proportion. Such is the obvious meaning of section 3865, supra. Ball v. First National Bank of Covington, 80 Ky. 501, 4 Ky. Law Rep. 400; Redmon v. Bedford, 80 Ky. 15, 3 Ky. Law Rep. 511; Rank v. Hill's Adm'r, 8 Bush 67; Combs' Devisees v. Branch, 4 Dana 548; O'Bannon v. Roberts' Heirs, 2 Dana 55; Williamson's Adm'x v. Richardson, 6 T. B. Mon. 303; Atchison's Heirs v. Lindsey, 6 B. Mon. 88, 43 Am. Dec. 153. Rents which accrue before the death of the owner of real estate are to be collected and applied by the personal representative as other assets belonging to the estate. If not consumed in paying the decedent's debts or costs of administration, they become surplus personalty within the meaning of section 2132, Ky. Stats., 1903, to be distributed, one-half to the decedent's widow, and the other half to his heirs at law, as therein provided. But rents which become due after the owner's death go with the legal title to the land, which vests in the heirs or devisees at his death, subject to the dower of the decedent's widow, if there be a widow. But the widow's right to a share of the rents that become due after the husband's death extends to only her share of such rents as accrue before the assignment of her dower.

. While her right to share in the rents of the husband's real estate that may accrue after his death is fixed by section 3865, Ky. Stats., 1903, her proportion

of such rents is not declared by that section, but by section 2138, which provides: "The wife shall be entitled to one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned, and she shall hold the mansion, yard, garden, the stable and lot in which it stands, and an orchard if there is one adjoining any of the premises aforesaid, without charge therefor, until dower is assigned her." It is alleged in the petition that W. A. Ashby, appellant's former husband, died in 1896, and that no rent has been paid by appellee on the lot embraced by his lease since 1901, which is equivalent to saying that the rent was paid to and including that year. It is patent, therefore, that the rent for which appellant sued is such as accrued since her husband's death, to a third of which she would be entitled as declared by section 2138, supra, provided she has not been assigned dower in the husband's landed estate. Cain's Adm'r v. Kentucky & Indiana Bridge Company, 124 Ky. 449, 99 S. W. 297, 30 Ky. Law Rep. 593. If dower has been assigned appellant since 1901, the year up to and including which the petition admits appellee paid rent, then she would be entitled to only one-third of the rent that may have accrued between 1901 and the date of the assignment of dower. The petition does not, however, manifest a right in appellant to recover any rent, as it fails to allege that dower had not been assigned her since her husband's death and before the accrual of the rent sued for. Such an allegation was essential to a recovery, and its omission from the petition gave cause for the filing of the demurrer thereto by appellee, and justified the ruling of the court sustaining it. As appellant failed to amend her petition, and thereby supply this omitted essential fact, we must take it for

granted that she could not truthfully allege it. There-fore the petition was properly dismissed.

Judgment affirmed.