Judge Robertson
delivered the opinion of the Court.
This is a case of “forcible entry and detainer,” of a house in Georgetown.
The bank as plaintiff in the warrant succeeded,. and the judgment being affirmed in the circuit court, the defendant appealed.
The defence in the court below, was very elaborate; and the argument for the appellant in this court was ingenious. Many questions are presented; but as most of them have been well settled by the decisions of the appellate court, it is not necessary to notice them. The points urged most earnestly in argument, are, 1st. That the court below erred in instructing the jury “that if they believed the evidence, they should find for the bank.” And 2d; in refusing an instruction, that the evidence of the possession of the bank by the tenancy of an individual who leased from another, acting as agent of the bank, was insufficient, because there was no proof that the agency was created by the corporate seal.
As to the first, although the form of the instruction & unusual, we can see ho valid objection to the deci *39 sion of the court upon it. The court cannot decide on the weight or credibility of the testimony; this is the exclusive province of the jury. But when the evidence which is competent, is altogether on •side, and if accredited, establishes facts, which being admitted, must decide the case tor the one or other party, the court may tell the jury, that if they believe the evidence, the verdict should be for the party whose right it establishes. It is not denied, that the court may instruct the jury hypothetically, that if they believe certain facts, they should find in a certain way. What else, in effect, is the instruction in this case, that if they believe the testimony adduced, they should find for the plaintiff? None whatever; .as that evidencc certainly proved the facts, on the hypothesis of the proof of which the instruction is usually given.
dif‘,ter' the creflibility and wboii" conflicting, When the the court ’ may instruct hypotheti- • 0 U
When tenant accepts poscorporation* and recognizes its ownertersnoVwhetherth* individual who qgent,itis the possession of the corporation.
Petition for a re‘ eannS-
Barry, Depew and Chambers, for appellant; Wickliffe and Wooley, for appellees.
Messrs. Depew and Chamaers,for appellant, presented a Petition for a re-hearing.
On the other point, there is no difficulty. If the tenant obtained possession from the bank, held as tenant under it, and recognized it as proprietor, the possession of the tenant was the possession of the corporation, although the agent who delivered the possession to the tenant, may have had no power of attorney authenticated by the corporate seal. The possession in fact, is the only question; and that can be as well proved without the authority to the agent by seal, as with it; and even without any authority whatsoever; and was abundantly proved in this case. The various other points, as already stated, have been so often adjudicated, that we shall forbear to touch them,
Judgment affirmed with costs and damages.