## Willis v. Linn, et al.

(Decided June 11, 1912.)

### Appeal from Bullitt Circuit Court.

1. Forcible Detainer—Failure of Warrant to Show Relation of Landlord and Tenant—Interlineation in Statement.—In a trial of a writ of forcible detainer the warrant was quashed because it did not show appellant was a tenant of appellee, but the latter was permitted to interline in the statement of his case so as to show the tenancy. Held, That while the interlining was somewhat irregular, it did not affect the substantial rights of appellant, and by it he was fully apprised of all the charges against him.

2. Judge—Acting Within Scope of Authority Not Liable in Action for Damages—Defective Pleading.—A judge acting within the scope of his jurisdiction is not liable in an action for damages for any opinion he may deliver as such, nor for any rule or action he may take for the proper conduct of the business of his court, and the petition failing to charge that the matter in the forcible detainer case was beyond his jurisdiction, and not charging the county judge with malice, corruption or impurity, a demurrer to it was properly sustained.

3. Verdict.—The verdict reciting that defendant is found guilty is sufficient. It was a question of forcible detainer; there was but a single issue, and the verdict was sufficiently responsive.

C. P. BRADBURY for appellant.

J. F. COMBS, J. R. ZIMMERMAN for appellees.

Opinion of the Court by Judge Nunn—Affirming.

This appeal is from a judgment sustaining a demurrer to and dismissing appellant's petition. In substance, the petition stated the following facts: That Linn appeared before the county judge, Leroy Daniel, his co-appellee, and filed an affidavit upon which he obtained from the county judge a writ of forcible detainer against appellant and placed it in the hands of the sheriff who executed it upon him; that on the day fixed for trial, appellant moved the court to quash the warrant because it did not show that appellant was a tenant of Linn; that the court sustained the motion; that Linn was then permitted, upon motion, to interline in the statement of his case the following words:

"The said E. A. Willis being a tenant of said plaintiff, J. H. Linn."

That the court set the case for trial on the sixth day thereafter, at which time the parties appeared, the evidence was heard and the jury returned a verdict as follows:

"The jury finds the defendant guilty."

And the court rendered a judgment of restitution thereon.

No traverse of the judgment was had by Willis and some time thereafter Linn applied to the county judge, Leroy Daniel, for a writ of restitution. The allegations with reference to this matter in the petition, are as follows:

"Thereafter on the third day of June, 1911, at the instance and request of the defendant, J. H. Linn, the defendant, Leroy Daniel, wilfully, wrongfully, unlawfully and for the purpose of doing this plaintiff an injury issued a writ of restitution and placed same in the hands of J. B. Myers who is now and was then sheriff of Bullitt County, and wilfully, wrongfully, unlawfully and for the purpose of doing this plaintiff an injury directed the sheriff to execute the said writ of restitution by putting the defendant herein, J. H. Linn, in possession of the premises upon which this plaintiff resided at the time of the issual of said writ."

Appellant claims that the judgment upon which this writ was issued was void because the warrant upon which the trial was had, had been quashed and was invalid at the time thereof and no new warrant had been

issued; that the verdict of the jury was not in compliance with the warrant and was, therefore, a nullity; that the judgment rendered was not within the jurisdiction of the court, and he charged that Linn acted wilfully, wrongfully, unlawfully and for the purpose of doing him an injury.

In the case of Hollon v. Lilly, 100 Ky., 553, this court said:

"It is a universal rule of law that a judge, acting within the scope of his jurisdiction, is not liable in an action for damages for any opinion he may deliver as such, or any rule or action he may take for the proper conduct of the business of his court. This doctrine applies to judges of all grades, and to all persons who act in a judicial capacity while acting within the limits of their jurisdiction, even if he should act illegally or erroneously. The only case in which he is liable is where he acts from an impure, malicious or corrupt motive."

The petition in the case at bar does not charge that the matter on trial in the forcible detainer case was beyond the jurisdiction of the county judge, nor does it charge him with malice, corruption, or impurity. It only alleges that he acted wilfully, wrongfully and unlawfully.

Appellant contends that, as the court agreed with him that the affidavit upon which the writ of forcible detainer was issued was defective and the writ should be quashed, the statement or affidavit had served its purpose and was at an end, and that the court erred in permitting the interlineation referred to. Under the Code, it is necessary that the affidavit or statement in such cases, contain an allegation that the person proceeded against is the tenant of the plaintiff, and for this reason the original affidavit was defective; but after the court had decided that it was erroneous and quashed the writ, Linn moved that it be amended by making the interlineation above copied, which motion the court sustained and set the case for tral six days thereafter. The amendment was authorized by section 134 of the Civil Code, as construed by this court in the cases of Forsythe v. Huley, 25 Ky. L. R., 147; Hoffman v. Mann, 25 Ky. L. R.; 255; Bailey v. Kelly, 18 Ky. L. R., 718; Hord v. Sartin, 26 Ky. L. R., 77, and Witt v. Willis, 27 Ky. L. R., 417. The amendment by interlineation was somewhat irregular. The better way would have been to make an entirely new affidavit or statement containing the allegation interlined.

The court, however, had the power to and did permit the interlineation, although it was irregular. It did not affect the substantial right of appellant; he was fully apprised of all the facts and charges against him and was given six days further time to prepare for trial. To this point we find that Linn and the court were acting within the law, but in a somewhat irregular manner. Appellant, however, was not prejudiced thereby.

The last point argued by appellant is that the verdict, "The jury finds the defendant guilty," was void as it did not state of what the defendant was found guilty, and that, therefore, the judgment rendered thereon was also void. The court could and did, however, render a judgment on this verdict. In the case of Belcher v. Barrett, 4 Met., 277, it was held that a verdict finding the defendant "not guilty" was sufficient. The verdict did not state of what the defendant was not guilty. It seems logical in view of that decision, that in this case, the charge being forcible detainer, a verdict of guilty was sufficiently clear and responsive. There could be no mistake as to its meaning; there was a single issue, and whether the verdict was guilty or not guilty, it was sufficiently responsive. All that the law requires or contemplates is that the person found guilty, in such cases, may know the charge, therefore, as forcible detainer was the only charge in the warrant in this case, the verdict of guilty necessarily means that appellant was guilty of forcibly detaining the property specified. It is susceptible of no other construction.

We are of the opinion that the lower court properly sustained the demurrer, therefore, the judgment is affirmed.