## Elswick v. Ramey, et al.

(Decided February 27, 1914.)

### Appeal from Pike Circuit Court.

1. Contracts—Conflict of Laws.—A parol license to haul logs over land lying in another state is governed by the law of that state.
2. Contracts—Law of Another State—Failure to Plead or Prove—Application of Common Law.—Where an action is brought in this state for breach of a contract arising in another state, in the absence of pleading and proof of the law of that state, it will be presumed that the common law in force here prevails.
3. Licenses—Revocation.—A parol license to haul logs over land is without consideration, and revocable at the pleasure of the owner, where the licensee simply agrees to pay the owner such damages as he may sustain, and the owner is not liable for damages growing out of the licensee's inability, because of such revocation, to get the logs to market and comply with a contract previously made.
4. Damages—Instructions—Sufficiency.—An instruction is erroneous which permits the jury to fix damages, without giving them any guide for their direction.

STRATTON & STEPHENSON for appellant.

BUTLER & MOORE and ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for breach of a contract, by which defendant, T. L. Elswick, authorized plaintiffs,

J. B. Ramey and others, to haul logs over his land for the purpose of getting them to market, plaintiffs recovered a verdict and judgment for $1,500. Defendant appeals.

Briefly stated, the facts are as follows:

Plaintiffs were the owners of 433 trees situated on Colley Fork or Grassy Creek, in Buchanan County, Virginia. To market this timber it was necessary to haul it down Colley Fork to Russell's Fork of the Big Sandy River, at which point it was to be rafted and floated to Catlettsburg, Kentucky. Defendant was the owner of a tract of land lying between the land on which the timber was located and the river. To reach the river it was necessary to pass over defendant's land. Before cutting the timber, J. B. Ramey went to defendant and procured his consent to haul the timber over his land, with the understanding that he and the other members of his firm would pay defendant such damages as he might sustain. Plaintiffs then proceeded to cut and haul the timber to the river. After they had finished cutting, and had hauled about 250 logs, defendant had them and their laborers arrested and thereby prevented them from marketing the timber. After that time, however, plaintiffs succeeded in getting into the creek all the timber except 81 logs. They were unable, however, to get the logs to market so' that they could comply with a contract of sale which they had previously made. They proved that they were compelled to sell the timber at a reduced price on account of sappage, which amounted to 4,953 cubes, at 20 cents a cube, or the sum of $992. They further proved that the contract price of 81 logs which they could not get to market was $351.10, and that they were compelled to pay for teams, which were stopped for 54 days, at the rate of $6 a day, or the sum of $324. Defendant denied making the contract, and further showed that plaintiffs had been arrested for trespass on his land, and had been convicted and fined therefor. Defendant also stated that after he had found out that plaintiffs were using his land for the purpose of hauling and splashing the timber, he objected to their doing so, until they had agreed to restore the banks and pay certain damages. He also proved that he had served written notice on the plaintiffs not to do any further hauling over his land.

It will be observed that the contract relied on by plaintiffs is simply a parol agreement on the part of the defendant to permit them to haul the logs over his land. The agreement to pay damages was simply a contract to make defendant whole. Plaintiffs did not agree to pay defendant anything for the privilege they enjoyed. The contract in question was nothing more than a parol license to haul the logs over defendant's land, and was based on no consideration whatever. Defendant's land lies in Virginia. The alleged contract was made and was to be performed there. The law of that State controls. It is neither pleaded nor proved. In such a case we will assume that the common law in force here prevails there.

Here the plaintiffs erected no improvements on and incurred no expenditures in connection with defendant's land. It does not even appear that the defendant had any notice of any contract which plaintiffs had made for the sale of the timber. The only expense which plaintiffs incurred was in cutting their own timber. Under the great weight of authority defendant, under these circumstances, had the right to revoke the license so far as its future enjoyment was concerned, without any liability on his part to respond in damages arising out of plaintiffs' inability because of such revocation to get the timber to market and comply with a contract of sale previously made. 25 Cyc., 647-8; Bachelder v. Hibbard, 58 N. H., 269; Friar v. Warne, 29 Wis., 511; Johnson v. Skillman, 29 Minn., 995; Desloge v. Newman, 108 N. Y., 179; Pifer v. Brown, 43 W. Va., 412, 49 L. R. A., 497; Huber v. Stark, 124 Wis., 359, 102 N. W. 12, 109 A. S. R. 937; Cook v. Ferbert, 145 Md., 462, 46 S. W., 947. It follows that plaintiffs failed to make out a case against the defendant.

Since on another trial it may be made to appear that a different rule prevails in the State of Virginia, where defendant's land lies and where the contract was made and was to be performed, we deem it proper to say that instruction No. 2, authorizing a recovery by plaintiff of such a sum in damages as the jury may believe from the evidence "they have sustained," is erroneous, in that it gives the jury free rein to fix the amount of damages, without giving them any guide for their direction. The

court should have given to the jury a rule by which to determine the amount of damages.

Unless, on another trial, it is made to appear that a different rule in regard to the revocation of licenses prevails in the State of Virginia, the court will give a peremptory instruction in favor of the defendant.

Judgment reversed and cause remanded for new trial consistent with this opinion.