## Stark v. Scott.

(Decided April 28, 1914.)

### Appeal from Warren Circuit Court.

1. Forcible Entry and Detainer—Warrant—Appeal.—In an action of forcible detainer, a judgment will not be reversed for failure to adjudge a party guilty of detaining certain parts of the premises which the warrant does not charge him with detaining.

2. Forcible Entry and Detainer—Issue Raised—Possession.—A proceeding of forcible detainer raises no issue except that of possession, and is not a remedy that extends to other matters of dispute between the parties.

JOHN M. GALLOWAY, WRIGHT & McELROY and W. B. GAINES for appellant.

BRADBURN & BASHAM and SIMS & RODES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In 1903 Mrs. Mary B. Moore was the owner of a store house on College Street, in Bowling Green, Kentucky. The building is three stories high. On the first floor there is a store room 20 feet wide and 80 feet long. Up to the year 1911 there was a hallway on the south side of the store room about seven feet wide, extending from College Street to the lot in the rear, and separated from the store room by a studded partition, thus affording an entrance to and from said hall both from the front and rear of the building. On the south side of the hallway next to the outside wall, beginning a few feet from College Street, is a stairway leading to the second floor. In the back part of the hallway is another stairway leading from the first floor to the second floor. The two stairways were about three feet wide.

On January 2, 1903, Mrs. M. B. Moore leased the store room to V. R. Scott for a monthly rental of $20 for the year 1903, and a monthly rental of $25 for the year 1904, with the privilege of occupying the store room four years longer. On January 1, 1906, by a written endorsement on the lease, Scott was given the privilege of extending the store room at his own expense. At the same time he was given the privilege of occupying the store room for a period of ten years longer at a monthly rental of $25.

On June 1, 1910, the owner, who in the meantime had married H. F. Suttle, and who was then known as M. B. Suttle, rented to V. R. Scott the upstairs portion of the building for a period of one year, with the privilege of seven years, beginning on January 1, 1911. Under this lease Scott was given the privilege of moving the wall of the store room over against the stairway, and of making a modern front to the store room. The lease further provided that in the event the upstairs of the building was sold pursuant to an option given to W. H. Blakely & Company, Scott was to surrender the upstairs within one year from the date on which he had notice of sale.

Pursuant to the option given Blakely & Company, appellant, J. D. Stark became the owner of the building in the month of June, 1912. On June 17, 1912, he served written notice on Scott to vacate the entire second and third stories of the building, and also the stairways leading from said second and third stories to College Street and the back yard and the cellar. He also notified Scott to restore the brick partition wall to its original position, and to rebuild the back stairway, which had been removed.

On June 18, 1913, appellant, Stark, brought this action of forcible detainer in the Warren County Court against Scott, alleging that Scott forcibly detained "the two upper stories over the room on College Street in Bowling Green, Ky., occupied by him as a store, and the cellar under said store, and the yard back of said store." That court rendered judgment in favor of appellant. Thereupon appellee, Scott, the defendant in the forcible detainer proceeding, traversed the finding of the county court, and the proceeding was transferred to the circuit court. The evidence disclosed that Scott had, long prior to the proceeding, delivered possession of the second and third stories. The circuit court adjudged that Stark and Scott were entitled to the joint use of the back lot, that Scott should surrender possession of the cellar, and that he was also guilty of detaining the front entrance. From that judgment Starks appeals.

It is the contention of appellant that the court erred in refusing to award him full possession of the hallway, as it was when leased by Scott, and in not requiring Scott to restore the hallway and back stairs to their former condition, and in not holding that appellant was entitled to the exclusive possession of the back yard. We deem it unnecessary to enter into a consideration of the various phases of the case discussed by counsel. As before stated, appellant charged Scott with forcibly detaining the two upper stories, the cellar and the back yard, and the warrant issued by the county judge specified the above parts of the building and no other. This warrant was never amended. With the exception of the back yard, the judgment of the trial court is fully as broad as the warrant. The trial court did not err in its finding in regard to the back yard. Its use is necessary for the enjoyment of both parts of the building, and it is also embraced in Scott's second lease. As to the other portion of the premises, and as to the obligation of Scott to restore former conditions, it is sufficient to say that we will not reverse a judgment of a trial court for a failure to adjudge a party guilty of detaining certain parts of premises which the warrant does not charge him with detaining. Nor is it proper in such a proceeding to pass on the liability of the tenant to restore the premises to their former condition. It is well settled that a proceeding of forcible detainer raises no issue except that of possession. It is not a remedy that extends to other matters of dispute between the parties.

Mansfield v. Duvall, 2 Bibb., 582; Smith v. Dedman, 4 Bibb., 192; Clark v. Snow, 24 Texas, 242. There being no cross appeal by appellee, the propriety of the judgment so far as he is concerned is not before us.

Judgment affirmed.