## Belcher v. Howard.

## Simpson v. Howard, Baker and Osborne.

(Decided February 9, 1926.)

### Appeals from Harlan Circuit Court.

1. Forcible Entry and Detainer—Only Question Raised by Warrant is Possession at Time Entry was Made.—On warrant for forcible entry, no question of title is involved; only question being possession at time entry was made.

2. Forcible Enery and Detainer—Re-entry to Shack of which Another Obtained Possession by Injunction Held Forcible Entry.—Where H. got possession of C.'s shack by injunction in equitable action, which was dismissed on ground that neither had shown title to land, C.'s re-entry to his shack was forcible entry on H.'s possession; manner in which H. obtained possession being immaterial.

3. Forcible Entry and Detainer—Forcible Entry Held Not to Disturb Possession, Except so Far as One in Possession was Actually Ousted.—Where two parties claimed ownership of certain land, but neither could show good title thereto, possession of one was not disturbed by forcible entry of other into shack previously erected by him on corner of premises, except so far as one in possession was then ousted.

4. Appeal and Error—Affirmance of Judgment Dismissing Action Held to have no Effect on Possession of Property.—Where plaintiff obtained possession of defendant's shack by injunction in

equitable action but court in judgment dismissing action did not restore defendant to possession of land he had prior to injunction, affirmance of such judgment had no effect on possession of such property.

E. F. BAKER, G. A. EVERSOLE, J. B. SNYDER and MORRIS & JONES for appellants.

W. F. HALL and P. M. LEE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On October 10, 1891, C. J. Simpson obtained a patent for 100 acres of land in Harlan county, and on March 19, 1904, he conveyed the land to his son, C. C. Simpson. C. C. Simpson built a shack on one corner of the land and put a tenant in it. Thereupon Arithea Howard, who claimed that this part of the land lay within her boundary, brought an equitable action on April 7, 1911, against Simpson and obtained an injunction restraining him from trespassing upon her land. He filed an answer and counterclaim setting up his title to the land and praying that his title be quieted. In obedience to the injunction granted the plaintiff he vacated the land and Arithea Howard continued in possession. The case was finally heard on September 28, 1920, and judgment was entered dismissing the plaintiff's petition and also dismissing the defendant's counterclaim upon the ground that neither had shown title to the land. From that judgment Simpson appealed to this court and the judgment was here affirmed on November 27, 1923. Smith v. Howard, 201 Ky. 253. For four years previous to that time Arithea Howard had rented the land in controversy to a tenant who cultivated the land in corn and used the shack to store his fodder and other property. After the decision of this court was rendered Howard by his tenant, McKinley Belcher, went upon the land and took possession of the shack, the doors of which were carefully wired up. He threw out of the house the fodder of Arithea Howard's tenant and moved into it. Thereupon on December 20, 1923, she sued out a warrant of forcible entry against Belcher. While Belcher was thus living in the house Simpson claimed that Arithea Howard's tenants entered on part of the other land that was in his possession and on December 28, 1923, sued out a warrant of forcible entry against Arithea Howard and her ten-

ants. On final hearing in the circuit court judgment was entered in both cases in favor of Arithea Howard. Belcher and Simpson appeal.

No question of title is involved. On a warrant for forcible entry the only question is the possession at the time the entry was made. There is no dispute in the evidence that Arithea Howard by her tenant had been cultivating the land for four years and using the shack to store the fodder and property of the tenant. The fodder of the last crop was in the house and the doors were securely fastened when Simpson by his tenant forcibly entered and took possession of the shack. Unquestionably this was a forcible entry upon Arithea Howard's possession. It is not material that she had gotten possession by reason of the injunction in the original action. The only question material here is, was she in possession at the time the entry was made?

Arithea Howard being in possession of the property when the forcible entry was made in the shack remained in possession, except so far as she was then ousted. Her possession of the remainder of the property was not broken by the forcible entry into the shack. She was in possession before and remained in possession. Therefore the writ of forcible entry against her and her tenant taken out by Simpson was properly dismissed. Richie v. Owsley, 137 Ky. 63.

The two cases were submitted to the jury under instructions that are unobjectionable. The jury found for Arithea Howard in both cases and their finding is fully warranted by the evidence.

It is true that the circuit court in its judgment in the original action properly might have restored to Simpson the possession of the land he had when that action was begun and so put the parties in the situation in which they were then. But this he did not do. He left the parties as they were at the time the judgment was entered and the affirmance of that judgment in this court had no effect on the possession of the property. Howard v. Whitaker, 61 S. W. 355; Derrington v. Childers, 156 Ky. 452.

Judgment affirmed.