## Goebel v. Rogers Brothers Coal Company.

(Decided June 17, 1927.)

### Appeal from Pike Circuit Court.

1. Landlord and Tenant.—In forcible detainer proceeding, insufficiency of warrant in that it did not show the relation of landlord and tenant held not ground for reversal, where such objection was not made in lower court by motion to quash or otherwise.

2. **Landlord and Tenant.**—In forcible detainer proceeding, a defective warrant as well as an informal inquisition is waived by traverse.

3. **Landlord and Tenant.**—In forcible detainer proceeding, question of sufficiency of warrant cannot be first raised on appeal.

J. C. CANTRELL for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

In a forcible detainer proceeding in the Pikeville police court by the Rogers Bros. Coal Company against Frank Goebel, Goebel was found guilty. The inquisition was traversed, and a similar judgment was rendered in the Pike circuit court. Goebel appeals.

The warrant, which was signed and issued by the judge of the Pikeville police court, is as follows:

"Commonwealth of Kentucky to the Sheriff or Any Constable of Pike County:

"Whereas, Rogers Bros. Coal Company has made complaint to me, J. P. Marrs, judge of the Pikeville police court, in and for Pike county, that Frank Goebel did on the 7th day of December, 1925, forcibly detain from the said Rogers Bros. Coal Company one house and lot on the waters of Turkey creek of Tug river near South Williamson, Ky., in Pike county, Ky., which the said Frank Goebel, of the said Rogers Bros. Coal Company, now hold against it. You are therefore commanded to notify the said Frank Goebel of the time and place of trial of this writ and to inquire into said writ of forcible detainer and you will give the said Frank Goebel at least three days' notice of the time and place of said trial and have then and there this writ.

"Witness my hand as judge of the Pikeville police court this the 9th day of December, 1925."

The sole ground on which a reversal is asked is that the warrant does not support the judgment. The basis of this contention is that the relation of landlord and tenant does not appear on the face of the warrant. Powers v. Sutherland, 1 Duv. 152. The allegation in the warrant should have been, "which the said Frank Goebel, tenant of the said Rogers Bros. Coal Company, now holds against it," but, by inadvertence, the words "tenant of"

were omitted. The omission, however, does not entitle appellant to a reversal of the judgment. The cases of Swartzwelder v. U. S. Bank, 1 J. J. Marsh. 39, and Barret v. Chitwood, 2 Bibb, 431, announce the rule that a defective warrant as well as an informal inquisition is waived by a traverse. In discussing the question in the first mentioned case the court said:

"Any other doctrine would render the remedy by warrant in the country vexatious and expensive; and would tend very much to frustrate the aims of speedy and cheap country justice, which it was framed to accomplish."

In the case at bar the reasons for applying the doctrine of waiver are even more cogent. There was first a trial on the merits in the police court. This was followed by a trial on the merits in the circuit court. The warrant could, and doubtless would, have been amended in the circuit court had the defect been called to the attention of the court. Willis v. Linn, 148 Ky. 841, 148 S. W. 11. The sufficiency of the warrant was not challenged in the circuit court by a motion to quash or in any other way. In view of these circumstances, there is no escape from the conclusion that the defect in the warrant was waived, and that the question cannot be raised for the first time in this court.

Judgment affirmed.