## Lunsford v. Hughes.

June 13, 1939.

Rodney G. Bryson, Judge.

176

W. G. Hargis for appellant.

Edmonds & Aurandt for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, R. L. Lunsford, is appealing from a judgment entered on the verdict of a jury finding him guilty of forcible entry on the property of the appellee, Sarah E. Hughes. The proceeding was instituted by the appellee in the court of a justice of the peace of Kenton county charging appellant with the forcible entry upon her property on or about December 1, 1937. He filed certain objections to the proceedings in that court, which were overruled, and on trial he was found guilty. He then filed a traverse in the circuit court and upon trial was again found guilty of forcible entry.

The appellee has filed a motion to dismiss the appeal because of the alleged failure of the appellant to indicate in the classification the number of the page in his brief upon which each separate question is discussed, and because of his failure to number the pages of his brief. We have examined appellant's brief and find that it is in substantial compliance with our rules governing such matters. Hence, the motion is overruled.

The appellant and the appellee entered into a contract under which the appellant agreed to pay the appellee $300 within 60 days for a certain piece of property. The contract provided that the seller agreed to sell and deliver the property and execute and deliver a deed therefor upon the payment of the purchase price within the period specified. The purchase price was not paid within the time provided, and the appellee instituted the forcible entry proceeding in question charging that the appellant had entered upon her property on or about the 1st of December, 1937. The appellant testified that he told the appellee that he was living on the property on or about the 1st of December. He introduced proof to the effect that he began repairing the property, which had been damaged by the 1937 flood, shortly after the purchase contract was entered into. He also attempted to charge the appellee with notice that he was repairing the house, and he sought to show that he had sent a third party to her with the view of getting an extension of time for the payment of the $300. She testified that

she had not been around the property in question, and that she did not know that the appellant had entered upon the property until shortly before she instituted the forcible entry proceeding.

The appellant is complaining of alleged irregularities in the trial before the justice of the peace. It has long been held however, that a traverse is a virtual waiver of objections to irregularities in the proceedings before a justice of the peace, which irregularities do not affect the merits of the case. Swartzwelder v. United States Bank, 1 J. J. Marsh. 38; Goebel v. Rogers Bros. Coal Co., 220 Ky. 598, 295 S. W. 907; Mayhew v. Kentucky River Coal Corporation, 238 Ky. 509, 38 S. W. (2d) 452. It is our conclusion, therefore, that the traverse constituted a waiver of any irregularities that may have occurred in the trial before the justice of the peace.

Nor is a forcible entry proceeding one which involves title. The only question to be tried in such a proceeding is the possession at the time the entry is made. Richie v. Owsley, 137 Ky. 63, 121 S. W. 1015; Lovely v. Stacey, 171 Ky. 338, 188 S. W. 389; Belcher v. Howard, 212 Ky. 816, 280 S. W. 131. While the appellee did not reside upon the property, no question was raised as to her possession of it prior to the time of the execution of the purchase contract under which the appellant claims his right of possession.

Complaint is made that the instructions were erroneous, and that the evidence does not support the verdict of the jury and the judgment entered thereon. With this contention we can not agree. The first instruction told the jury to find for the appellee if they believed that Lunsford entered upon her property without her knowledge or consent. The second directed that the jury find for Lunsford if they believed that the appellee had knowledge of, or consented to, his taking possession of the property. The jury found for the appellee under the first instruction. We think that there was ample evidence to support this finding.

We do not deem it necessary to discuss the "demurrers" to the evidence and the first instruction and other points raised by counsel for the appellant, in view of our conclusions heretofore indicated.

Judgment affirmed.