## Snyder et al. v. Crutcher.

Dec. 12, 1941.

As Modified on Denial of Rehearing March 20, 1942.

72

Edward C. O'Rear, Polk South, Jr., and Allen Prewitt for appellants.

Clyde E. Reed and Louis Cox for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Miss Laura Pepper owned a lot fronting 100 feet on Main Street in Frankfort which extended south between parallel lines 200 feet. Mrs. Grace Snyder and her husband own a lot fronting on Wapping Street which extends north 200 feet. Hence the south line of the Pepper lot and the north line of the Snyder lot coincided. Each lot is bounded on the east by Petticoat Alley, sometimes called Long Alley, which we will refer to merely as the alley.

Harry Innes Todd formerly owned the Snyder property on which he erected a brick house in 1869 or 1870, and soon thereafter he surrounded his property (except in front) with a brick fence, or wall, 7 feet high and 18 inches wide. On the northeast corner of the property

Todd erected a brick ice house adjacent to the alley, while on the southeast corner of the Pepper lot a brick carriage house was erected facing on the alley. These two out-buildings were constructed independent of each other and there was a space of some 8 or 10 inches between them.

The Todd property was acquired by the Snyders in 1935 and in January, 1936, they razed the ice house to its foundation, intending later to erect a garage thereon. In the spring of 1937 the Snyders erected a rough, temporary wooden fence, or barricade, which rested on the north wall of the foundation of the ice house without post holes, and it leaned against the south wall of the carriage house on the Pepper lot and extended a few feet west to the brick fence, or wall, between the two lots.

In February, 1938, Miss Pepper conveyed to her niece, Mrs. John Crutcher, a small lot on the south portion of her property. The lot conveyed Mrs. Crutcher fronts 50 feet on the alley and it extends west 100 feet between parallel lines and includes the carriage house. Its south line is the brick fence, or wall, which forms the north line of the Snyder property.

John Crutcher razed the carriage house in preparing to erect a home on his wife's lot, and in doing so tore down the plank fence the Snyders had erected on the foundation where the ice house had stood, which fence was against the carriage house, and as we understand the evidence, he extended to the alley the original brick fence, or wall, between the properties and in doing so put it on the foundation of the ice house. The Snyders had a forcible entry warrant issued against John Crutcher and his contractor, Dan Abbott. The trial in the county court resulted in the defendants being found not guilty, and the Snyders traversed the judgment of the county court only as to Crutcher. In the circuit court Crutcher was likewise acquitted and the Snyders prosecute this appeal.

Much evidence was introduced by both parties as to whether the wall erected by Todd is on the Crutcher property or the Snyder property, and it would appear from such evidence that the parties were attempting to try title in this forcible entry proceeding. The issue in this case is not whether the brick wall erected by Todd is on the Crutcher property or on the Snyder property, nor

is it whether the wall as extended by Crutcher is on his wife's property or on the Snyder property, but the issue is whether or not Crutcher forcibly entered on property which the Snyders had in their possession, regardless of who had title thereto. Both parties admit that in a forcible entry proceeding only the question of possession is involved, and neither the right of possession nor the title may be tried. Lunsford v. Hughes, 279 Ky. 175, 130 S. W. (2d) 39; Conley v. Shepherd, 237 Ky. 128, 35 S. W. (2d) 5.

The Snyders base this forcible entry proceeding against Crutcher on the theory that they took possession of the north foundation of the ice house in 1937 when they erected their wooden fence on it, and that Crutcher could not justify his forcible entry by proof of title to the few inches of land in controversy. The Lunsford and Conley cases just referred to above support their position. However, Crutcher insists that he can prove title for the purpose of showing the extent of the possession and that such proof will show he and the Snyders owned the ice house foundation jointly, and forcible entry will not lie by one joint owner against another.

Holman v. Parsons, 162 Ky. 454, 172 S. W. 920, holds that title may be proven to show the extent of possession, and Avey v. Hogan Camp, 172 Ky. 675, 189 S. W. 917, is to the effect that while one joint tenant may maintain an action of forcible entry against another, he cannot recover exclusive possession of the premises, but can only be reinstated in the common possession.

However, in this case the title to the fence wall has no bearing on the extent of the possession, since the ice house wall was independent of the fence wall. Nor are the parties joint tenants in the foundation upon which the ice house wall had rested. The most appellee contends for is that the ice house wall when supported by the foundation was a division wall, or fence. The Snyders demolished the ice house wall in 1936, and in the spring of 1937 they took full and complete possession of the foundation upon which it stood, not as joint owners but as adverse claimants in exclusive possession of it. The Snyders had been in complete, peaceable, adverse possession of the disputed property for about one year before Mrs. Crutcher purchased her lot in February, 1938. Admitting arguendo that one-half of the ice house foundation is on Mrs. Crutcher's lot, yet the un-

disputed fact is that the Snyders had the entire foundation in their possession, and the issue here is not whether the Snyders were in possession of land belonging to Mrs. Crutcher, but whether Crutcher forcibly entered upon property he admitted the Snyders had in their possession. The party wall doctrine as enunciated in Bright v. J. Bacon & Sons, 131 Ky. 848, 116 S. W. 268, 20 L. R. A., N. S., 386, has no application here because the ice house wall had none of the attributes of a party wall, and the most appellees can claim is that it was a division fence.

Since Crutcher admits the Snyders were in possession of the land in dispute, the latter contend the court should have peremptorily instructed the jury that Crutcher was guilty. They are in error for the reason that Crutcher testified Mrs. Snyder invited him to extend the fence wall to the alley. Mrs. Snyder denied she gave any such invitation to Crutcher, and this makes the issue for the jury to try. The fact that Crutcher removed the wooden fence, or barricade, which the Snyders erected, does not prove he entered against their consent, because the evidence shows this fence was leaning against the Crutcher carriage house and amounted to a technical trespass upon the Crutcher property; therefore, he had the right to remove it. Besides, the alleged invitation to extend the fence wall authorized him to remove the wooden fence and enter.

While denying such invitation was extended Crutcher, appellants insist that at most same could have been but a verbal license which is revocable at pleasure, citing 37 C. J., Section 193, p. 290; Elswick v. Ramsey, 157 Ky. 639, 163 S. W. 751; Rittenhouse v. Swango, 97 S. W. 743, 30 Ky. Law Rep. 145; Illinois C. R. Co. v. Waldrop, 72 S. W. 1116, 24 Ky. Law Rep. 2127, and that Mrs. Snyder unquestionably revoked it before Crutcher built the wall. However, it is not contended by appellants that they revoked the alleged invitation or license before Crutcher broke their close by removing the wooden fence. They base this forcible entry proceeding upon Crutcher removing the wooden fence and entering their close. It is not argued that the invitation was revoked before the wooden fence was removed but that the revocation came when Crutcher started building the wall. It came too late because Crutcher had already removed the wooden fence and entered. After entry, the revocation by the

Snyders of the license under which Crutcher had entered would not make him guilty of forcible entry.

The instructions given by the court were erroneous in that the first instruction submitted to the jury the question of whether the Snyders were the sole owners of the wall (ice house wall we presume), and the second instruction submitted the question of whether or not it was a division wall jointly owned by the parties. As above stated, the question of title to this wall was not involved in this forcible entry proceeding, and the only question for the jury to determine was whether or not Crutcher forcibly entered on the foundation of the north wall of the old ice house which the Snyders then had in their possession. The ownership of this foundation cannot be tried in this action. The court properly refused instructions ''X'' and ''Y'' offered by the appellees, as neither deals with the forcible entry on the property the Snyders had in their possession but both relate to the title thereof.

Instruction ''A.'' offered by the Snyders was substantially correct and it is the only instruction the court should have given. However, we deem it unnecessary to submit to the jury the question of Snyders' possession since Crutcher admits they were in the possession of the property in controversy at the time of his entry. If the evidence is substantially the same on another trial, the instructions should read:

1. If the jury believe from the evidence that the entry of John N. Crutcher by and through his contractor on the strip of ground occupied by the north foundation upon which the old brick ice house stood, and which the Snyders at the time had in their possession, was not invited by Mrs. Snyder but was made against the will of the Snyders and without the consent of either of them, then you should find Crutcher guilty of forcible entry.

2. If the jury believe from the evidence that the entry of Crutcher by and through his contractor on the strip of ground occupied by the north foundation upon which the old ice house stood, and which the Snyders at the time had in their possession, was invited by Mrs. Snyder or was made with the consent of either of the Snyders, then you should find Crutcher not guilty of forcible entry.

A sharp issue is made in the briefs as to whether or not the court erred in refusing to permit appellants to

read certain depositions in rebuttal. The court refused the depositions because he was of the opinion they were in chief and not in rebuttal. The depositions related to the time and manner in which the fence wall and the ice house were built, upon whose property the fence wall was located and which was the first constructed. In view of the fact that the only issue to be tried is whether or not Crutcher forcibly entered upon property he admits the Snyders had in their possession, we doubt if the depositions will be offered upon another trial, therefore it is not necessary for us to determine whether they constituted testimony in chief or in rebuttal.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.