# Phillips et al. v. Riley.

February 25, 1949.

V. S. Beatty for appellant.

D. C. Howell for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Upon complaint by Bert Riley to the County Judge of Lee County a warrant of forcible detainer was issued against Ed Phillips and Grover Phillips, and upon the trial before the County Judge they were convicted. The property which the complainant claimed was being forcibly detained was a 4-room two story log house. A traverse was filed, and the case was tried in the Circuit Court with the result that the traversers were again convicted, and they have appealed. Their principal contention is that the evidence fails to show the relation of landlord and tenant existed, and the Court, therefore, should have directed a verdict for them. They also complain because the Court refused to admit in evidence a deed from H. H. Hensley to Ed Phillips dated May 31, 1946, but the proof shows conclusively that Bert Riley was in possession of the house in question when appellant entered, and, since only the question of possession is involved in a proceeding of forcible detainer, the deed was properly excluded. Stark v. Scott, 158 Ky. 596, 165 S.W. 976.

Bert Riley testified that he had owned the land on which the house is located for 25 or 30 years. In 1942 or 1943 he sold one acre of ground to Lawrence Tipton, who erected the log house in question. Tipton lived in the house with his family for about 12 months when he and his wife separated. He sold the house to Riley, and moved away. Riley had never executed a deed to Tipton for the one acre tract, and he merely paid Tipton for the house which had been erected. Riley was in continuous possession of the house thereafter through tenants until appellants moved into it in May, 1947. With appellee's permission, they had been living in an old tin covered truck body owned by appellee and located in the yard while they were engaged in making ties in

the neighborhood. Appellee's tenant moved out of the log house in April or May, 1947, and appellee informed Grover Phillips that he and his brother could move their beds into the house, as the weather was warm, and sleep there until he obtained another tenant. He later rented the house to Gentry Estes, but appellants refused to vacate and this proceeding followed. Ed Phillips admitted in his testimony that he obtained permission from Bert Riley to occupy the tin covered truck body, which was located 40 or 50 feet from the log house then occupied by appellee's tenant, Carl Estes, and that he and his brother, Grover, moved into the house when Carl Estes vacated it.

The evidence shows conclusively that the house has been in appellee's undisputed possession for several years, and that appellants entered it as his tenants. They now claim that the land on which the house is located is included in the description of a tract of land conveyed to Ed Phillips by H. H. Hensley in 1946, but title to the land cannot be tried in this forcible detainer proceeding. Snyder v. Crutcher, 290 Ky. 71, 160 S.W.2d 156. One proceeded against by a writ of forcible detainer cannot justify his refusal to yield possession by showing that he has title. Conley v. Shepherd, 237 Ky. 128, 35 S.W.2d 5.

Judgment is affirmed.