Dottie MITCHELL, Appellant,

v.

HOUSING AUTHORITY OF
HARLAN, Appellee.

Supreme Court of Kentucky.

Jan. 9, 1976.

Rehearing Denied March 19, 1976.

Kenneth M. Boggs, Barbourville, for appellant.

James S. Greene, Jr., Harlan, for appellee.

STERNBERG, Justice.

In a forcible detainer action brought in the Harlan City Court by the Housing Authority of Harlan, appellant Dottie Mitchell was found guilty.

Appellant filed a traverse of the judgment of the city court and executed a traverse bond (KRS 383.255). Following a trial de novo in the Harlan Circuit Court, judgment was again entered finding appellant guilty of forcible detainer. A motion and grounds for a new trial were filed and, after a hearing, overruled.

Appellant claims that no pleadings were filed and no warrant was served on her commencing the initial action in the city court. Since a warrant was not included in the record transferred from the Harlan City Court, appellant takes the position that one was never issued. Based on this claim of prejudicial error, she argues that the judgment against her is void. This is the only issue raised on appeal.

For purposes of disposition of this appeal, we will assume that no warrant was issued from the Harlan City Court.

For some time this court has followed the principle that in a forcible detainer action objections to a defective warrant, as well as an informal inquisition, are waived by traverse. *Swartzwelder v. U. S. Bank,* 1 J.J. Marsh. 38 (1829); *Barret v. Chitwood,* 2 Ribb. 431 (1811). This principle was also followed in *Goebel v. Rogers Brothers Coal Co.,* 220 Ky. 598, 295 S.W. 907 (1927). The rule of these cases applies in a situation in which a warrant was not issued prior to the initial proceeding in the city court. When appellant filed a traverse, she waived any objections to procedural errors relating to the original complaint or to the issuance or sufficiency of the warrant.

At any rate, following the traverse, appellant was given a trial de novo in the

circuit court, with adequate notice of the nature of the proceedings against her. Therefore, her cause was not prejudiced by the alleged failure to serve a warrant prior to the initial proceeding.

The judgment is affirmed.

All concur.