OPINION of the Court, by
Cli. J. Boyle.
-Jane Clinton sued out from a justice of the peace a warrant por ,, forclg}e detainer, against William Clinton, and the jury having found by their inquest that he was guilty of the detainer, he traversed the inquest, and brough! the case before the circuit court. On the trial of th.-traverse, the jury found against him, and he moved the court to set aside the verdict and grant a new trial, but the court overruled the motion and gave judgment oi restitution ; from which he has appealed to this court.
A bill of exception taken to the opinion of the court overruling the motion for a new trial, states the evidence produced by the parties to be to the following-effect ; The defendant Jane, proved by a witness that *433 be¡r late husband, now deceased, had about 10 Or 11 vears ago purchased 100 acres of land, but produced no written evidence of the purchase, nor was there any evidence of title in the person from whom the purchase was made. The decedent after the purchase.. settled upon the land, and resided thereon for several years, during which time William Clinton, the plaintiff in the traverse, in consequence of an invitation from the decedent, came with his family, built himself a cabin, cleared a few acres of ground and settled himself and family on the 100 acres, near to the place where thi* decedent resided, and he has continued ever since in the uninterrupted possession, being about 5 or 6 years, but there was no lease or other contract lor the payment of rent. The defendant Jane, about 6 or 7 years ago removed from the premises settled by her husband, since which she has not been in the actual possession thereof, but has claimed the land, and received rent for a part thereof, from other persons who were in possession thereof as tenants. The plaintiff on his part produced a patent from the commonwealth to one Church, for a large tract of land including that which is the subject of controversy, and also a deed from Church, bearing date the first day of March 1810, by which Church demised the premises to him for the term of two years then next to come.
The only question is whether the motion for a new trial ought to have been sustained. Had the defendant in the traverse shewn herself entitled to the possession of the premises in question, under her husband, evidence of his right would have been unnecessary in order to warrant the verdict against the plaintiff: for having come to the possession under the defendant’s husband, the plaintiff ought not to be permitted to dispute his right, nor could he legally avail himself of the title derived from Church, for the purpose of protecting himself in the possession against the right of him under whom he had acquired it. The possession of a tenant, is always deemed the possession of him under whom he holds, and to prevent fraud it is an es-. tablished principle, that the possession must be held according to the title under which it was obtained.
But the defendant in the traverse has failed to shew that she is entitled to the possession of the premises ia *434 question under her husband. She is neither bis béír at law nor his devisee ; and as bis widow, unless her dower had been assigned, which does not appear to be the case, she could claim possession only of the mansion house and the plantation thereto belonging, of which the premises in controversy does not seem to be a part. The verdict is therefore against evidence, and the motion for a new trial ought to have been sustained.
The judgment reversed with costs, and verdict set aside, and cause to lie remanded for a new trial to be had.