### Derrington v. Childers, et al.

(Decided December 16, 1913).

Appeal from Graves Circuit Court.

1. Forcible Entry and Detainer—Who May Maintain.—The general rule is that one joint owner cannot maintain ,forcible entry

against his co-tenant; for the possession of the one is the possession of the other, and both are equally entitled to the use, enjoyment and possession of the common property.

2. Forcible Entry and Detainer—Actual Possession Necessary.— One who occupies a cabin upon an unenclosed tract of land which has well-marked and defined boundaries is in the actual possession of the whole though only part is enclosed; and a person entering upon the unenclosed part does not acquire actual possession supporting an action of forcible entry against the person in possession who ejected the latter entrant.

3. Forcible Entry and Detainer—Who May Maintain.—A tenant in common, who sets up claim to the exclusive possession of the common property as against his co-tenant, and enters upon the common property, does so not as a joint owner, but as a mere trespasser asserting a claim adverse and hostile to the co-tenant in possession; and when ejected, he cannot bring forcible entry against the co-tenant in possession; for he acquired no actual possession upon which to base his action.

HESTER & HESTER for appellant.

WEBB & WEAKS for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

W. A. Derrington, on the 4th day of November, 1912, made complaint before the county judge of Graves County that on March 10, 1911, J. C. Childers and Hence Childers forcibly entered upon, and had since that time forcibly detained from him, a certain 25-acre tract of land in Graves County, which he claimed had been in his peaceable possession at the time of said entry. The county judge thereupon issued a warrant against said J. C. Childers and Hence Childers. The defendants pleading not guilty, a trial was had on November 15, 1912, and defendants were found guilty. They traversed the finding, and upon a trial in the circuit court, at the conclusion of the evidence for defendants, the court instructed the jury to find the defendants not guilty. From an order overruling plaintiff's motion for a new trial, this appeal is prosecuted.

Upon the trial in the circuit court, plaintiff amended the warrant so as to exclude from the description of the 25-acre tract therein set forth a certain three-acre lot in the northwest corner of said tract, being an enclosure around a cabin. The record shows that this amendment was made by verbal motion on the first trial.

It appears from the evidence that the twenty-five-acre tract of land in question was cleared land that had been

cultivated and occupied by Steve Childers for some 25 or 30 years next before his death, after which it continued to be held by his children, until finally Mattie Childers, a daughter of Steve Childers, rented it to Walter Clark and Hence Childers and they moved into the cabin on the tract and were living in it at the time of the issual of the writ. The plaintiff, W. A. Derrington, claiming to have bought the land from George Childers, a son of Steve Childers, entered upon the land in March, 1911, and constructed some fencing, which was so attached to the fences of adjoining land owners as to enclose all of the twenty-five acres. Appellees immediately after the erection of this fence, cut part of it down, and proceeded to plow up the land; and this is the forcible entry complained of by appellant. J. C. Childers was acting as agent for Mattie Childers in the care and management of the property.

It has been held many times by this court that in forcible entry the issue involved is whether the complainant was or was not in the actual possession of the premises forcibly entered upon, at the time of said entry; and that no question of title or right of possession can arise; and that it is immaterial whether the defendant had a right to enter or not; that although a person may have the right of entry, and be entitled to the property, he will be guilty of forcible entry if he enters without the consent of the person in actual possession.

The evidence shows that this tract has well-marked boundaries, and the possession of the cabin was therefore sufficient to extend the actual possession of appellees to the entire tract. Appellant when he entered and constructed the fences mentioned, therefore, was a trespasser upon the actual possession of appellees. He did not come into possession by that act, for there cannot be two adverse claimants in possession of the same land at the same time. And never having had actual possession himself, of course he cannot maintain forcible entry against another.

But appellant claims that Steve Childers, and his son, George Childers, bought this land together; that each owned an undivided one-half interest therein; that he, appellant, bought George Childers' interest; and that the land at the time of his construction of the fencing, was owned jointly by him, and the heirs of Steve Childers; that because of this fact, he had a right to enter thereon; and that the possession thus acquired was an

actual possession supporting an action for forcible entry for his ejectment therefrom.

There is no competent proof in the record that Steve Childers and George Childers owned this land jointly, nor is there any competent proof that appellant bought and owns the alleged interest of George Childers. But, assuming that appellant was in fact the owner of an undivided one-half interest in the said land, acquired by him from George Childers, and that he and appellees or those under whom appellees claim were joint owners of the land in controversy herein, the question still is, whether appellant ever had an actual possession of said land. Each tenant in common is equally entitled to the use, enjoyment and possession of the common property; and neither is entitled to the exclusive use, enjoyment and possession thereof.

Appellant, the proof shows, before he constructed the fencing mentioned, notified appellees that he had bought the land and for them to move off. He thereby asserted his claim, not as that of a joint owner, but as an adverse claimant to the exclusive possession of the land in question. So, when he thereafter went upon the land and fenced it, his act was not the lawful entry of a tenant in common upon the joint property, but was a mere trespass committed upon the land of another by an adverse and hostile claimant. Appellant therefore never had actual possession of the premises in question. Appellees had a right to withhold their consent to the entry of appellant, in the character of hostile claimant in which that entry was made.

Moreover, if it be granted that appellant was a joint owner of the premises and made his entry as such joint owner, then he cannot maintain this proceeding, for the general rule is that one joint owner cannot maintain forcible entry against his co-tenant, the possession of the one being the possession of the other; and each being equally entitled to the use, enjoyment and possession of the joint estate.

Judgment affirmed.