## Lovely v. Stacey.

(Decided October 4, 1916.)

### Appeal from Montgomery Circuit Court.

1. Forcible Entry and Detainer—Writ of Forcible Entry—When Maintainable.—An action of forcible entry will not lie except in favor of a party who was in occupancy of the premises when the alleged forcible entry was made. Neither the right of possession nor constructive possession is sufficient.

2. Forcible Entry and Detainer—Writ of Forcible Entry—When Maintainable.—A writ of forcible detainer cannot be maintained unless the relation of landlord and tenant exists in some form between the parties.

3. Forcible Entry and Detainer—Evidence—Directed Verdict.—
Where, in an action of forcible entry and detainer, it appears that
the plaintiff was not in occupancy of the premises when the
alleged forcible entry was made and that the relation of landlord
and tenant did not exist between him and the defendant, the trial
court should direct a verdict in favor of the defendant.

4. Forcible Entry and Detainer—Title.—Forcible entry and detainer
is not an appropriate proceeding for trying title.

ROBERT H. WINN for appellant.

B. F. DAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

In this action of forcible entry and detainer by
Robert Stacey against Charles Lovely judgment was
rendered in favor of Stacey and Lovely appeals.

The facts are as follows: Stacey's wife, Mary, and
appellant, Lovely, are brother and sister, being children
of Allen Lovely, more commonly known as Allen How-
ard. In December, 1904, Allen Howard conveyed the
property in question to his daughter, Mary. After its
purchase the property was occupied by Stacey and his
wife. Some time prior to March, 1914, Stacey and his
wife disagreed and Stacey went to Ohio. Thereupon
Mrs. Stacey sold and conveyed the property to her
father, Allen Howard. She then went to live with her
daughter in Morgan County and continued to live there
until her death in March, 1914. Upon the execution of
the deed by his daughter, Mary Stacey, Allen Howard
took possession of the property and remained in pos-
session of it until his death in August, 1914, when his
son, Charles Lovely, the appellant, moved into the prop-
erty. This suit was instituted by Stacey during the
month of April, 1915.

The trial court seems to have proceeded upon the
theory that as the deed from Mary Stacey to her father,
Allen Howard, was not signed by her husband, Robert L.
Stacey, the deed was void, and that, therefore, Robert L.
Stacey was entitled to recover the property in an action
of forcible entry and detainer. It is the established law
in this jurisdiction that in order to maintain an action
of forcible entry plaintiff must, at the time of the alleged
forcible entry, be in actual possession, that is in the oc-
cupancy of the premises, and neither right of possession

nor constructive possession is sufficient. Cuyler v. Estis, 23 R. 1063; Childers v. Hieronymus, 32 R. 394. It is equally well settled that in order to maintain an action of forcible detainer the relation of landlord and tenant must exist in some form between the parties. Civil Code, section 452; Goldsberry v. Bishop, 2 Duval, 144. In the case under consideration, plaintiff was not in the actual occupancy of the premises when appellant moved in, nor did the relation of landlord and tenant exist between him and appellant. It follows that an action of forcible entry and detainer does not lie in plaintiff's favor and that the trial court erred in not directing a verdict in favor of appellant. If plaintiff has title to the property, he should resort to other actions appropriate for trying title. The question of title cannot be tried in a proceeding like this.

Judgment reversed and cause remanded, with directions to dismiss the warrant.