## Avey v. Hogancamp, et al.

(Decided December 12, 1916.)

### Appeal from Carlisle Circuit Court.

Forcible Entry and Detainer—Joint Owners.—One joint owner cannot maintain forcible entry proceedings against his co-tenant, the possession of the one being the possession of the other, and each being equally interested in the use, enjoyment and possession of the joint estate. A joint tenant or tenant in common, however, may maintain an action against his co-tenant who has forcibly ejected him, but in such case the plaintiff cannot recover the exclusive possession. His right is to be reinstated in the common possession.

E. T. BULLOCK for appellant.

JOHN E. KANE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1910 Mrs. Hogancamp, who owned the life estate in a body of land located on the Mississippi river, through the agency of her son, leased this land to the appellant, Avey, under a contract reciting that Avey should have the land "for one year, with the privilege of five years, provided my mother should live that long and that a division should not be made by the heirs; and said Avey agrees to pay fifty dollars per annum for every year." Under this lease Avey took possession of the land, and between the date of the lease and February, 1912, when Mrs. Hogancamp died, Avey purchased the interest of several of the remaindermen, so that he owned at her death a 53/120 undivided interest in the property and was in the possession of the entire estate, or at least all of it that was in cultivation. After the death of Mrs. Hogancamp the remainder interest that had not been purchased by Avey came into the ownership of the heirs of Mrs. Hogancamp who had not sold out to Avey.

After Mrs. Hogancamp's death, and in 1913, it appears that a suit was brought by the owners of the land for its division, and in that suit Avey filed his answer in which he said that he was the owner by purchase from certain named heirs of a 53/120 interest and joined in the prayer of the petition for a division among the owners of their respective interests in the land. In Feb-

ruary, 1915, there was a judgment in this suit for division setting apart the interests to which the several owners of the land were entitled, and commissioners were appointed to divide the land. In June, 1915, the commissioners filed a report of division, allotting to Avey his interest in the land and to the other owners their interests.

Going back now a little. In April, 1915, Avey sued out a writ of forcible entry in a court of a justice of the peace against Joe Hogancamp and other named owners of an interest in the land, complaining that on April 5, 1915, they had forcibly entered into a field then in his peaceable possession. On a trial in the country there was a verdict of guilty. This verdict was traversed, and in the circuit court there was a verdict of not guilty, and from the judgment on this verdict Avey prosecutes this appeal.

It will be observed that, at the time this forcible entry proceeding was instituted against Joe Hogancamp and the other joint owners with Avey of the land, the report of the commissioners who had been appointed to divide the land had not been made, although judgment in this suit for division had been entered and commissioners appointed, who, as appears, had prior to this time partly made the division. But, at any rate, at the time the forcible entry proceeding was instituted, although the commissioners had not completed their work, Avey and the defendants in the forcible entry proceeding were joint owners of the land, each of them owning an undivided interest therein.

The trial of the case in the circuit court was had in October, 1915, after the commissioners had completed their work and the interests of the respective owners had been allotted; so that when the writ was issued Avey owned an undivided 53/120 interest in the land, and the defendants in the forcible entry proceeding owned a 67/120 interest, and Avey, as stated, was in the possession of the whole of it, as he claims, under his contract with Mrs. Hogancamp, although Mrs. Hogancamp, who owned only a life interest, died in 1912.

On this appeal it is urged as grounds for reversal that the court erred in permitting to be read as evidence to the jury the answer of Avey in the suit for division, the judgment in this suit, and the report of the commissioners. At the time of the trial in the circuit court,

and when the forcible entry proceeding was instituted, Avey and the Hogancamp heirs owned an undivided interest in the land, and we do not think it was prejudicial or incompetent to put before the jury as evidence the answer of Avey and the judgment in this division suit showing that they were joint owners of the land, as the answer was filed and the judgment rendered before the forcible entry proceeding was begun. The admission of the report of the commissioners was probably error, but we do not see that it affected in any prejudicial way the rights of Avey, because it simply showed that the commissioners had divided the land in accordance with the directions in the judgment.

It is further insisted that the court erred in giving to the jury instruction "B" and in refusing to give instruction number one asked by Avey. The instruction asked by Avey reads as follows: "The court instructs the jury that if they believe from the evidence that the defendants forcibly entered upon the land described in the warrant in this proceeding, and which was at the time in the actual possession of E. W. Avey, then in that event they will find the defendants guilty of the forcible entry complained of in the warrant.

"The court further says to the jury that the title to this land and the right of possession is not involved in this proceeding and is not to be considered by them."

The instruction given reads as follows: "The court instructs the jury that it is admitted in this case that the plaintiff, E. W. Avey, is the owner of 53/120 of the land in dispute in this action, and that the defendants are the owners of 67/120 of said land, and that if you shall believe from the evidence that the defendants entered upon and took possession of more than 67/120 of said land, you will find them guilty of a forcible entry as to such part of said land, if any, that they may have entered upon in excess of 67/120 of the same, and unless you so believe you should find the defendants not guilty of the forcible entry complained of."

We think it is clear that Avey, at the time he sued out this writ of forcible entry, could not have been in possession of the land by virtue of the contract made with the life tenant, Mrs. Hogancamp, because when she died the whole of the land of which he had been in possession under his contract with her came into the ownership of the remaindermen or their vendees, of whom he was one.

If it were true that Avey, when this writ of forcible entry was obtained, was in possession of the land under his contract with Mrs. Hogancamp, an entry by any of the heirs of Mrs. Hogancamp who then had an interest in the land would be an intrusion on his possession, and the result would be that although these heirs at the time owned 67/120 of the land, they could not enter on any part of it without being guilty of a forcible entry. The right of possession Avey secured by his contract terminated when Mrs. Hogancamp died, and although he remained in possession of the land after that time, his possession was partly by permission of the Hogancamp heirs, and partly because of his ownership of a part of the land.

We are therefore of the opinion that, when this writ was sued out, Avey and the Hogancamp heirs who had not sold out to him were each and all owners of the lands as joint tenants. At that time the land had not been divided and no one of them could exclude the others from possession of all of the land. As said in Derrington v. Childers, 156 Ky. 452, ''Each tenant in common is equally entitled to the use, enjoyment and possession of the common property; and neither is entitled to the exclusive use, enjoyment and possession thereof. . . . . One joint owner cannot maintain forcible entry against his co-tenant, the possession of the one being the possession of the other; and each being equally entitled to the use, enjoyment and possession of the joint estate.''

It is, however, true that a joint tenant or tenant in common may maintain an action against his co-tenant who has forcibly ejected him, but in such case the plaintiff cannot recover the exclusive possession of the premises; his right is to be reinstated in the common possession; 19 Cyc. 1141; Eads v. Rucker, 2 Dana 111. But in this case there is no claim that the defendants in the writ tried to take possession of the property or to eject Avey from his right to possession of part of the premises. It seems that they only went on the premises for the purpose of taking possession of a part of the land, all of which Avey claims he had the right to the possession of under his contract with Mrs. Hogancamp.

It further appears from the record that before April, 1915, the time the writ of forcible entry was sued out, the commissioners appointed to divide the land had at least partly divided it and had indicated the part that Avey would have in the division and the part that the

Hogancamp heirs would have, although the commission-ers' work had not then been completed or the report made or confirmed, and the defendants in the writ merely went on the land for the purpose of taking possession of the part that they understood had been allotted to them in the division. They did not attempt to interfere with the part set aside to Avey in the division, and the writ is not for a forcible entry on this part. Avey's sole contention is that he had the right to the possession of all the land under his contract with Mrs. Hogancamp, and that an entry on any part of it by any of the heirs was such an intrusion upon his possession as would justify this writ. But, as we have seen, the other heirs had as much right to enter upon the property as he had. Neither Avey nor any of the other joint tenants had the right to the posses-sion of the entire property to the exclusion of the others.

Under the facts of this case we think the lower court should have directed the jury to find the defendants not guilty.

Wherefore, the judgment is affirmed.