## Chapman v. Farris.

(Decided June 16, 1922.)

### Appeal from Powell Circuit Court.

1. Forcible Entry and Detainer—Title—Possession—Joint Owners.— The question of title is not involved upon the trial of a writ of forcible entry, but as the possession of one joint owner is the possession of all, he cannot employ the writ to oust his cotenants; and the defendant had the right to prove that the plaintiff and another were joint owners in order to show the character of the former's possession; and that he entered the land as tenant of the latter in order to show the character of his entry

2. Forcible Entry and Detainer—Joint Owners.—Defendant not entitled to an affirmance of a judgment dismissing plaintiff's writ upon the sole ground of a joint ownership which he does not concede exists.

3. Forcible Entry and Detainer—Stipulation of Facts.—Counsel for defendant cannot, without introducing any evidence, "stipulate" an essential fact upon which his defense depends; and a judgment based upon such a "stipulation" and a joint ownership the defendant does not concede to exist, is reversed.

JOHN D. ATKISSON, A. FLOYD BYRD and C. F. SPENCER for appellant.

E. C. O'REAR, WM. L. WALLACE, MORGAN M. ATCHISON, H. R. PREWITT and BENTON & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal by the plaintiff from a judgment of the circuit court dismissing a forcible entry proceeding on a trial of a traverse by the defendant of the inquisition before the justice of the peace who issued the writ.

The court's action in taking the case from the jury and dismissing the writ was based upon a finding by the court that plaintiff and the Prewitt-Miller and Goff Land, Oil and Gas Company were joint owners of the sixteen acres of land involved, and that the defendant had entered thereon as a tenant of the company.

The question of title is not involved upon the trial of a writ of forcible entry, but as the possession of one joint tenant is the possession of all, he cannot employ the writ to oust his co-tenants. Avey v. Hogancamp, et al., 172 Ky. 675, 189 S. W. 917; Derrington v. Childers, 156 Ky. 452, 161 S. W. 216.

Hence, the defendant had the right to prove, if he could, that plaintiff and the Prewitt-Miller and Goff Land, Oil and Gas Company were joint owners of the land, in order to show the character of the former's possession; and that he entered same as a tenant of the latter, in order to show the character of his entry.

But such a joint ownership, in our judgment, was not established by proof, and counsel for appellee in their brief frankly confess they do not concede it to be a fact. In the face of such a confession, it hardly seems worth our while to review the evidence to show the court's error in this respect.

Besides, even if we might concede that plaintiff and the oil and gas company were joint owners of the land, as counsel for defendant will not although asking an affirmance because thereof, there is no proof whatever that defendant entered the premises as a tenant of such company. There was not even an attempt to prove this in any way, but after plaintiff had concluded the introduction of his evidence, it is certified in the transcript of evidence, that "Thereupon the defendant, by counsel, made the stipulation that James Faris entered as a tenant under Prewitt-Miller and Goff Land, Oil and Gas Company."

This is the only suggestion in the entire record that the defendant entered as a tenant of the oil and gas company, and it is certainly clear that a litigant cannot by his counsel "stipulate" the essential fact upon which he relies for defense.

Wherefore the judgment is reversed and the cause remanded for a new trial.