## Daily v. Mrs. J. H. Rudy.

## Daily v. Sallie E. Rudy.

(Decided November 21, 1924.)

### Appeals from Daviess Circuit Court.

1. Improvements—Finding that Improvements Placed on Property were Only Nominal Sustained on Appeal.—Finding of chancellor that improvements on land by one claiming it under oral gift were only nominal, held proper under evidence.

2. Landlord and Tenant—Relation of Landlord and Tenant Held to Exist Between Owner and Defendant, and Plaintiff Life Tenant and Defendant.—Where parent permitted daughter and husband to live on his land, relation of landlord and tenant existed, warranting forcible detainer proceedings, and same relation existed after parent's death as between life tenant and occupants.

J. R. HAYS and AUD & HIGDON for appellant.

E. B. ANDERSON and O. L. FOWLER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming on each appeal.

Some time prior to 1907 appellant married Maggie Rudy, a daughter of James Rudy. They had no children and were not particularly prosperous.

On March 1st, 1907, J. H. Rudy bought, taking title to himself, a tract of about 60 acres of land near Owensboro. Appellant and his wife at the time had no home of their own, and they went to live, by his permission, upon this 60 acres. A few months later Rudy bought an adjoining tract of about 9½ acres near to the improvements on the 60 acres. He permitted Dailey and his wife to occupy about 11 acres, being that part of the 60 acres embracing the improvements and the 9½ acres. They continued to live there without the payment of rent until his death in 1914. The property at all times was assessed for taxation in the name of James H. Rudy, and he paid the taxes as long as he lived. After his death Daily and his wife continued to live upon and occupy the 11 acres without payment of rent, and it was then assessed in the name of Rudy's wife, who under his will took a life estate therein. She likewise continued to pay the taxes.

In January, 1922, Maggie, the wife of appellant, died. They never had any children.

Thereafter in April, 1922, appellee instituted her equitable action against appellant stating she was the owner for life of the tract of land occupied by appellant, and that he was threatening to plow up part of said tract of land that was in blue grass sod, and threatening to remove fruit trees and shrubs from the said tract of land, and prayed for an injunction restraining him from so doing.

Defendant answered, alleging in substance that in 1907 James H. Rudy, his wife's father, had orally given to defendant's wife the 11 acres of land, and he and his wife had under such gift moved on and occupied the land for more than fifteen years, claiming the same adversely to Rudy and all others, whereby his wife had acquired the title.

He also asked in the alternative that if his claim of adverse possession under the oral gift was not upheld for compensation for improvements placed on the property to the extent of about $3,000.00.

Pending this equitable action, and in May, 1922, Mrs. Rudy instituted proceedings in a magistrate's court against appellant, charging him with forcible detainer of the property, and seeking to oust him. That proceeding resulted in the magistrate's court in a verdict of guilty against the defendant, which, however, he traversed and appealed to the circuit court. After the appeal was docketed in the circuit court by an agreed

order the evidence taken in the equitable action referred to was to be heard and considered as the evidence in the forcible detainer proceeding, a jury trial was waived, and that proceeding submitted to the judge for decision.

Upon a final hearing in the equitable action the court dismissed the counterclaim of appellant, and adjudged Mrs. Rudy the owner. In the forcible detainer proceeding he adjudged the defendant therein guilty, and directed possession to be turned over to Mrs. Rudy.

Appellant failed to sustain his allegation that there had been any oral gift of the property to his wife; the evidence, on the contrary, is convincing that Rudy in the first place merely intended that his daughter and her husband should have the right to occupy the property without the payment of rent, and discloses that he specifically declined to convey or have conveyed the property to her upon the ground that he did not want Daily to have any of his property. The property was never assessed in either the name of Mr. or Mrs. Daily, but was always during James H. Rudy's life assessed in his name, and after his death in the name of his wife, to whom he had devised a life estate therein. No rent was ever paid by or demanded from either of the Dailys before or after the death of the father.

The evidence is likewise convincing that while Daily may have done some ordinary repairs during his occupancy, planted a few fruit trees and shrubs, and may have superintended certain improvements, as a matter of fact the material for such improvements and most of the labor was paid for by James H. Rudy.

Without going into the evidence in detail it is sufficient to say that we approve the finding of the chancellor on the issue that there was no oral gift, and that such improvements as Daily placed upon the property and himself paid for were only nominal.

But, it is said on the forcible detainer appeal that the evidence fails to show that the relationship of landlord and tenant existed between Mrs. Rudy and appellant. As already recited, the evidence was convincing that both Daily and his wife during the life of James H. Rudy were his tenants, being either tenants at will or by sufferance, and of course upon his death and devise of the life estate to his wife they became such tenants of hers.

The judgment on each appeal is in accord with the rights of the parties, and they are each affirmed.