## Clore's Administrator, et al. v. Clore.

(Decided May 18, 1926.)

### Appeal from Oldham Circuit Court.

1. Dower—Widow is Entitled to One-third of Rents and Profits of Dowable Estate Until Dower is Assigned (Ky. States, Sec. 2138).— Until dowar is assigned, widow is entitled, by express provision of Ky. Stats., sec. 2138, to one-third of rents and profits of dowable estate.

2. Dower—Widow, Before Assignment of Dower, Held Not Entitled to One-third of Growing Crops (Ky. Stats., Secs. 2138, 3862, 3868). —Widow, whose husband died after March 1, entitled, under Ky. Stats., sec. 2138, before assignment of dower, to one-third of rents and profits of dowable real estate, held not entitled to one-third of growing crops, in view of section 3862, declaring emblements of person dying after March 1, severed before December 31, shall be assets in hands of personal representatives, and section 3868, relating to distribution.

3. Dower.—Widow's claim for dower is against decedent's heirs and not against his personal representatives.

J. BALLARD CLARK, ROBT. T. & W. J. CROWE, and CHARLES CARROLL for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Herbert N. Clore died intestate a resident of Oldham county in June, 1923, leaving surviving him Alice Clore, his widow, and his father, S. C. Clore, as his only heirs, he having died without children surviving. On June 19, 1923, the father duly qualified as the administrator of the estate. The intestate owned 186 acres of land in Oldham county on which he resided, worth about $20,000.00. He owed on the land $9,000.00 and there were other debts against the estate. The administrator set apart to the widow the property exempt to her by the statute, amount-

ing to $750.00. She seems to have remained in possession of the mansion house, yard, garden, etc., but no dower was assigned her. Crops were growing on the place at the death of the intestate; these crops were matured and sold by the administrator before December 1, 1923, for $7,644.50. The personal property was not sufficient to pay the debts and this action was brought by the administrator for the settlement of his accounts and a sale of the land. Alice Clore filed her petition, claiming that she was entitled to one-third of the crop raised on the farm that year. The court sustained this claim and adjudged the administrator to pay her $2,548.17 out of the funds in his hands. From this judgment the administrator appeals.

Section 3862, Kentucky Statutes, provides:

"All the emblements of the lands of a person dying after the first day of March, which shall be severed before the last day of December following, shall be assets in the hands of his personal representative."

This section is substantially the same as section 46 of the Acts of 1797 (1 Morehead and Brown Stats., page 667), and has in fact been the law of the state continuously from the earliest times. The statute not only provides that the crops shall be assets in the hands of the personal representative, but by section 3868 of the same chapter it is provided that these assets shall be paid upon the debts of the estate until the debts are satisfied. On the other hand section 2138, Kentucky Statutes, as to the rights of the widow provides as follows:

"The wife shall be entitled to one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned, and she shall hold the mansion house, yard, garden, the stable and lot in which it stands, and an orchard, if there is one adjoining any of the premises aforesaid, without charge therefor, until dower is assigned her."

This statute changed the former law on the subject, which was different:

"That a widow, after the death of her husband, shall tarry in the mansion house of her husband, and

the plantation thereto belonging rent free, until her dower shall be assigned to her.'' 1 M. & B. 573, sec. 1, Act 1796, concerning dower.

Construing the present statute in the light of the former one this court, in Morton v. Morton, 112 Ky. 710, said:

"Under the former statute she had the use of the farm on which was the family residence till dower was assigned, even if that farm was the only estate left by the husband. Now she has, in lieu of that, the mansion house and curtilage, and one-third of the rents and profits of all his other dowable estate.''

In White v. Clark, 7 T. B. Mon. 640, and Singleton v. Singleton, 5 Dana 92, it was held that the widow who remained in possession of the plantation was not entitled to the growing crop where her husband died after March 1, and that she must account to the administrator for the growing crop if she took it. There is nothing in the present statute changing this rule. While the widow is entitled to one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned, her rights in this respect are precisely the same for the year in which her husband dies as for the subsequent years. If no dower is assigned the widow for four years, the widow is entitled to one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned. In Morton v. Morton, 112 Ky. 706, a number of years had elapsed, and in that case it was explained how the word "profits" came to be used in the statute. It was pointed out that conditions occasionally arose where the dowable estate included a ferry or mill, and that as applied to such things the widow was entitled to what was earned, less the expense of earning it. This is so for the reason that the statute is silent as to these things; but as to the crops a different rule must apply, for the statute expressly makes them assets in the hands of the personal representative. It was held in that case that the widow was entitled to the rents of the property and that nothing could be deducted from the rents for taxes, repairs, or insurance. That case was followed in Redmond v. Redmond, 91 S. W. 260, where nine years had elapsed, and it was held that the heirs could have no credit for the payment of taxes, water rents or repairs on the property. To same effect see Oster v. Ohlman, 187

Ky. 341. In each of these cases the whole time after the husband's death was settled upon the same basis. The same rule was applied in the case of an oil well as in the case of a mill or ferry. Crain v. West, 191 Ky. 1. In Cain v. Ky., etc., R. R. Co., 124 Ky. 449, the question was as to the amount of the dower interest of a widow in a lot. The lot could not be rented but was of value of $1,500.00, one-third of this being $500.00, by agreement of parties the widow's dower was fixed at $30.00 a year or 6% a year on $500.00.

The widow is entitled to one-third of the rents and profits of the land, just as the heir is entitled to two-thirds of the rents and profits of the land, and the amount must be fixed in each case on exactly the same principle, that is, the then fair annual rental value of the property must be determined and one-third of this must be adjudged the widow and two-thirds to the heir. Of course if the widow has had possession of part of the property this part is not to be considered in fixing the rent. In the case at bar the circuit court should determine what is the fair annual rental value of the land outside of the part which the widow held and he should adjudge to the widow for the year 1923 that proportion of one-third thereof which the time elapsing after her husband's death before the end of the year bore to the whole year. We infer from the record that no dower was assigned to her until the land was sold. If so she will be entitled to one-third of the fair annual rental value from the end of the year 1923 up to the time of the confirmation of the sale. On the return of the case to the circuit court the rights of the parties will be settled on the principles above indicated.

At the death of an intestate the land owned by him passes to his heirs, but the growing crops, if he dies after March 1, pass to his administrator. The widow may have dower assigned to her, but this is a claim against the heir, not the personal representative. Until dower is assigned to her she is entitled to one-third of the rents and profits of the dowable real estate. For this she must look to the heir to whom the land passes. The administrator is in no wise responsible to her for the rent, for he has nothing to do with the land. He takes only the personal estate. This includes the growing crops where the intestate dies after March 1; and the proceeds of the growing crops when received by him, stand just as the rest of the funds in his hands and must be disbursed as

provided in sec. 3868, Kentucky Statutes. Section 2138, Kentucky Statutes, creates a liability of the heir to the widow, not a liability of the personal representative to her. She is a joint owner of the land with the heir and the amount of the rent and its apportionment between them must be fixed as in the case of other joint owners, where one owns one-third of the land and the other two-thirds, except that nothing is to be deducted as against the widow for taxes, repairs, water rents, insurance, etc.

Judgment reversed and cause remanded for further proceedings consistent herewith. Whole court sitting.