## Bishop v. Armstrong.

(Decided March 1, 1929.)

ROBERT C. RIVES for appellant.

MILLER & MILLER for appellee.

Opinion of the Court by Judge Rees—Affirming.

This is a proceeding of forcible detainer involving the right of possession to a small house and one acre of ground in Fayette county. The warrant against the appellee, Mrs. Emma Armstrong, charging the forcible detainer, was issued by a justice of the peace of that county upon the complaint and by the procurement of appellant, Sallie L. Bishop. On the trial before the justice of the peace, the parties, by agreement, waived their right to a jury and submitted the law and facts to the court. The appellee was found guilty of the forcible detainer charged, and the justice of the peace delivered a written opinion in which he set out the reasons for his finding; the opinion concluding with these words: "On the evidence the defendant is guilty of the charge contained in the writ and is so adjudged and judgment will be entered accordingly." No further judgment was entered, but the

appellee traversed the finding, and, upon a trial had in the circuit court before a jury, a verdict was returned finding the appellee, Emma Armstrong, not guilty of forcible detainer.

On March 30, 1922, appellant and her husband executed to the appellee a deed to the property in question, which contained the following clause: "The party of the first part, for and in consideration of one dollar cash in hand, and the further consideration of her love and affection for said Emma Armstrong, as her friend and companion, have bargained and sold, and do hereby grant and convey unto the party of the second part and her heirs and assigns forever, after the decease of Sallie Little Bishop." Following the description of the property is the following: "It is condition of this conveyance that the second party, Mrs. Emma Armstrong, is to own and occupy the said property for herself and family during the life of Sallie Little Bishop, unless circumstances shall arise to make it impossible to do so, and over which neither party can control. To have and to hold the same unto said party of the second part and heirs and assigns forever, after the decease of Sallie Little Bishop." There is no provision in the deed for the payment of rent by the appellee during the life of appellant, but she did pay to appellant $10 a month from March 10, 1922, to June 10, 1927. During this period appellee paid to appellant more than $600. Appellant claims that it was paid as rent, but appellee claims that it was paid by her voluntarily and without any agreement that it should be paid except that appellant agreed to apply any sums given to her to the improvement of the property. Appellant failed to use any of the money for improving the property, and appellee testified that she ceased paying appellant on June 10, 1927, because of the latter's failure to make any improvements with the funds given to her for that purpose.

While the evidence and the surrounding circumstances do not altogether support appellee's claim, yet it is supported to some extent by a number of witnesses who testified that appellant stated in their presence that she had agreed to expend all money paid to her by appellee in making improvements on the property.

Appellant first insists that the circuit court had no jurisdiction because there was no judgment entered in the justice's court upon which the traverse in that court could be had. Even if the written opinion filed in the

case did not amount to a judgment, it was treated by the parties as equivalent to the verdict of a jury. In Belcher v. Barrett, 4 Metc. 307, it was held that a judgment was not necessary to enable the losing party to make his traverse and that the want of a judgment upon the verdict was no ground for dismissing the traverse in the circuit court. Also see Pursifull v. Pineville Banking Co., Assignee, 97 Ky. 154, 30 S. W. 203, 17 Ky. Law Rep. 38, 53 Am. St. Rep. 409. In Robertson v. Donelan, 138 Ky. 149, 127 S. W. 754, Ann. Cas. 1912A, 1280, an inquisition was held before a magistrate without the intervention of a jury, and after the introduction of the evidence the magistrate announced that his judgment would be for the defendant, but no judgment was then entered. He later changed his mind and entered judgment for the plaintiff. It was held that his orally expressed opinion was not of the same effect as the verdict of a jury, but that the formally entered judgment was the record of the judicial act and could not be impeached by proof of an oral declaration made by the court before its entry expressive of an intention to render a different judgment. In the instant case, however, the written opinion of the justice was filed, and no judgment in conflict with this opinion was ever entered. The opinion was treated by the parties as the finding of the court and conclusive, and the appellant failed to raise the question in the circuit court either during the trial or in her motion and grounds for a new trial.

Appellant insists that the admission in evidence of the deed she executed to appellant was error. A tenant is, until possession is restored to the landlord, estopped to deny or question his landlord's title, and a proceeding of forcible detainer raises no issue except that of possession; but either party may introduce evidence of title to show the character and extent of his possession. Chapman v. Farris, 195 Ky. 362, 242 S. W. 359; Holman v. Parsons, 162 Ky. 454, 172 S. W. 920; Richie v. Owsley, 137 Ky. 63, 121 S. W. 1015. But here the issue was whether or not the relation of landlord and tenant existed, and this issue was submitted to the jury, and they found that it did not exist. Conceding that it did exist, however, the deed was admissible to show the character and extent of the possession. That deed provides that appellee "is to own and occupy the property for herself and family during the lifetime of Sallie Little Bishop unless circumstances shall arise to make it impossible to

do so over which neither party control.'' There was no provision in the deed for the payment of rent or other consideration, nor for the forfeiture of appellee's right to occupy the property. If any consideration had been agreed upon but omitted from the deed, appellant would be entitled to this unpaid consideration; but forcible detainer is not the appropriate remedy.

Under the evidence a peremptory instruction to find for the appellee would have been authorized. Wherefore the judgment is affirmed.