## Hines et al. v. Perkins.

(Decided June 7, 1929.)

W. B. GAINES and W. O. RODES for appellants.

THOMAS & BELL and LOGAN, GILLIAM & LOGAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Warren circuit court holding appellants guilty of forcible detainer of a small lot of ground in Warren county.

On May 7, 1908, W. M. Kirby and wife conveyed to Mrs. J. M. Guilliams the lot of ground in question for a consideration of $40. The deed contained the following provision:

"It being understood that said lot of ground sold by said Kirby to the purchaser party of the second part for church purposes, i. e., for the purpose of erecting thereon a church house and in the event said lot is not used for said purpose within two years from this date, the said lot shall revert to said W. M. Kirby upon his payment to the party of the second

part the purchase price $40. To have and to hold unto the party of the second part for the purposes herein indicated with general warranty of title.''

A church building was erected on the lot within two years from the date of the deed. It appears that appellant James Hines, a self-appointed preacher and exhorter, was the moving spirit behind the idea for the erection of the church building. A few years before the institution of this proceeding Hines constructed a small one or two room addition to the building then on the lot. Hines and his wife moved into these rooms and have continued to occupy them as a dwelling. He claims that this was done for the purpose of protecting the church property and with the consent of the members of the congregation and of Mrs. Guilliams. On September 30, 1926, Mrs. Guilliams and husband conveyed the property to the appellee, L. M. Perkins, and soon thereafter the latter gave written notice to appellants to vacate the premises.

Mrs. Guilliams testified that she paid $40 for the lot, took possession of it, and erected a building thereon that cost her approximately $1,000 and for which she was never reimbursed. She said that it was her intention, when a congregation had been established, trustees named, and the money she had expended for the purchase of the property and the erection of the building had been paid to her, to deed the property to the trustees. In the meantime she permitted the people of the neighborhood to use the building for the purpose of religious worship.

It is contended by counsel for appellants that the deed from Kirby to Mrs. Guilliams created a trust and that she was without power to convey the property and that the deed to appellee is void, and that therefore his writ of forcible detainer can not be sustained. The Kirby deed clearly passed a fee-simple title. It imposed a condition that a church house should be erected thereon within two years and in the event one was not erected within that time the lot was to revert to the vendor upon his paying to the vendee the purchase price of $40. The condition was complied with, and since no condition was imposed that the property should be perpetually used for church purposes, the vendee acquired a fee-simple title and no trust was created. Fuquay's Heirs v. Trustees of Hopkins Academy, 58 S. W. 814, 22 Ky. Law Rep. 744.

While forcible detainer proceedings are possessory actions only and do not involve the title to the land, a

deed is admissible in evidence by either party to show the character and extent of his possession. In Bishop v. Armstrong, 228 Ky. 250, 14 S. W. (2d) 784, it was said:

"A tenant is, until possession is restored to the landlord, estopped to deny or question his landlord's title, and a proceeding of forcible detainer raises no issue except that of possession; but either party may introduce evidence of title to show the character and extent of his possession. Chapman v. Farris, 195 Ky. 362, 242 S. W. 359; Holman v. Parsons, 162 Ky. 454, 172 S. W. 920; Richie v. Owsley, 137 Ky. 63, 121 S. W. 1015."

Mrs. Guilliams had possession of the property and appellants and the members of the congregation used it with her permission. The relation of landlord and tenant therefore existed as between Mrs. Guilliams and appellants, and after the sale of the property by her appellants became the tenants of her vendee.

Under all the facts we are of opinion that the judgment of restitution was proper.

Judgment affirmed.