## Conley v. Shepherd.

(Decided January 27, 1931.)

A. J. MAY and EDWARD L. ALLEN for appellant.

S. C. FERGUSON and FORREST SHORT for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Louis Howard owned property in the village of Bosco, Floyd county. He placed a mortgage on a part of it, described as being about 24 feet wide and 100 feet deep, to A. J. Shepherd. In a foreclosure suit Shepherd became the purchaser of this parcel, and after he had obtained a commissioner's deed he requested of Howard possession of a small storehouse claimed to be situated on it. Howard referred him to his daughter, Dove Howard, who was then living in this building. Shepherd and Dove testified that she willingly recognized his right of possession, and that he permitted her to remain under an agreement whereby she was to pay him $6 a month as rental and he agreed to repair the roof. He did not do so, and it appears she never paid him any rent. While she remained in the building, Shepherd stacked some lumber in and around it and stored therein, from time to time, tools, merchandise, and other material.

A year or more after Shepherd acquired title to the small parcel of land and possession of the building, Howard sold his entire holdings to Troy Conley. The deed is not in the record, but it appears that Howard's conveyance did not exclude this parcel. Though it is denied, it satisfactorily appears from the evidence that Conley had notice and knowledge of the claims of Shepherd. However, he requested possession of this storehouse building from Dove Howard and she moved out and delivered the key to Conley. He locked the door and took possession and control.

Shepherd sued out a writ of forcible entry and detainer against Conley. An inquest was had on the premises before a justice of the peace and a jury, which found Conley guilty. A subsequent trial in the circuit

court resulted the same way, and from the judgment thereon Conley appeals.

It is argued by the appellant that the proceeding could not be maintained, as the relation of landlord and tenant never existed between Shepherd and the appellant, and that in any event the building was not on the lot acquired by Shepherd, and consequently he had no title to it.

As to whether or not the building was on the parcel of land covered by the deed from Howard to Shepherd, that is, that he had title to it, cannot be determined in a proceeding of this kind. The only question that can be determined is whether the defendant forcibly entered upon and was depriving the plaintiff of the possession which was his. Smith v. Hardwick, 89 S. W. 731, 28 Ky. Law Rep. 615. It is certain from the evidence that Shepherd was claiming that the building was on his parcel, and Howard also believed that it was. He entered into actual possession through his tenant, Dove Howard, and by using it himself, in a way that would in time ripen into a good title. That is sufficient. Richie v. Owsley, 137 Ky. 63, 121 S. W. 1015; New York-Kentucky Oil & Gas Co. v. Miller, 187 Ky. 742, 220 S. W. 535. One proceeded against by a writ of forcible entry and detainer cannot justify his entry by showing that he has title. McCormick v. McDowell, 121 Ky. 832, 90 S. W. 541, 28 Ky. Law Rep. 854. Title of the legal right of possession is in no way involved. Holman v. Parsons, 162 Ky. 454, 172 S. W. 920; Lovely v. Stacey, 171 Ky. 338, 188 S. W. 389.

A "forcible entry" is defined by section 452 of the Civil Code to be:

"1. An entry without the consent of the person having the actual possession.
"2. As to a landlord, an entry upon the possession of his tenant at will or by sufferance, whether with or without the tenant's consent."

When Dove Howard moved out of the building and delivered the key upon demand to Conley, there was a symbolic delivery of the possession to him and he thereafter retained and exercised control over it. It was without Shepherd's consent; consequently was a forcible entry, and the proceeding was a proper one.

The evidence fully supports the verdict and judgment.

Of course, the right to try out the title to the property in another proceeding is not in any way affected by this litigation.

Judgment affirmed.