## Pemberton v. Hardin.

(Decided March 22, 1935.)

W. R. McCOY for appellant.

JASPER H. PREECE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellee, Mrs. Mary L. Hardin, became the purchaser of a tract of land sold in a suit brought by her against the appellant, Jack Pemberton, foreclosing

a mortgage thereon executed by Pemberton to Mrs. Hardin. About ten months after receiving a deed to the property, she instituted forcible detainer proceedings against Pemberton to recover its possession. A trial in the magistrate's court resulted in an order of eviction and restitution. On traverse to the circuit court, a similar verdict and judgment were rendered. This appeal is from that judgment.

It is argued that the plaintiff's remedy was to have secured a writ of possession in her foreclosure suit. Her evidence is to the effect that after the master commissioner conveyed her the property on April 5, 1932, Pemberton agreed to surrender possession on May 15th, and again on August 1, 1932, and that she suffered him to live on the place until those respective dates. In January, 1933, after his failure to move upon thirty days' notice, this proceeding was instituted. While the defendant denied having made any agreement to move, and denied that he held possession through sufferance of the plaintiff, that was a question of fact, and, having been determined in favor of the plaintiff upon the conflicting evidence, it must now be regarded that the relation of landlord and tenant existed; consequently, that this was a proper proceeding to obtain possession of the premises.

Another point made is that the plaintiff was not in the actual possession of the property, and therefore could not maintain the action. See Lovely v. Stacey, 171 Ky. 338, 188 S. W. 389. The word "possession" is susceptible of different meanings, and sometimes means occupancy and sometimes does not. Nevin v. Louisville Trust Co., 258 Ky. 193, 79 S. W. (2d) 688. It is manifest that the rule requiring actual occupancy as a condition precedent to maintaining such a proceeding does not apply to a landlord endeavoring to evict his tenant. The Civil Code of Practice, sec. 452, subd. III, par. 1, defines a forcible detainer as being:

"The refusal of a tenant to give possession to his landlord after the expiration of his term; or of a tenant at will or by sufferance to give possession to the landlord after the determination of his will."

The defendant claimed that the property mortgaged to Mrs. Hardin and which she purchased was subject to the life estate of his mother, and that he was occupy-

ing the property under contract with her, although it appears that his mortgage and her deed covered the entire estate. He produced proof of a deed from his father and mother to himself which retained in one place a life estate for each of them but only for the father in another place. The plaintiff produced evidence to show that the words "and wife," in connection with the reservation of a life estate, had been interlined after execution of the deed, and was a forgery. The instructions permitted the jury to pass upon this question by making it one of the conditions upon which the verdict might be returned for the one party or the other. Appellant submits the familiar rule that title to property cannot be determined in a proceeding of this kind (see Conley v. Shepherd, 237 Ky. 128, 35 S. W. [2d] 5), and that evidence tending to establish the forgery was incompetent. It was the defendant who first introduced the matter of title, and he ought not to complain if his adversary undertook to attack it. Even so, we think all the evidence was properly admitted, for, while title may not be tested, authority for claimed possession often rests upon title and the title papers may be received as evidence of a fact to show the extent and character of the possession, not for the purpose of determining ownership, but determining the possession. Richie v. Owsley, 137 Ky. 63, 121 S. W. 1015; Holman v. Parsons, 162 Ky. 454, 172 S. W. 920; Hines v. Perkins, 230 Ky. 339, 19 S. W. (2d) 991. The defendant, as we have said, claimed possession under a contract with his mother, and tendered proof that she had the right to the land, which was in conflict with the plaintiff's title obtained through the defendant, and we think it was proper to permit her to attack his proof.

The instructions seem to have been as favorable to the appellant as he was entitled to.

Perceiving no error prejudicial to his substantial rights, the judgment is affirmed.