## Moore v. Ramsey.

(Decided March 15, 1938.)

E. N. INGRAM for appellant.

LOGAN E. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, Nancy G. Ramsey, is the widow of Dr. Tilman Ramsey who died intestate in November, 1936. Besides his widow, Dr. Ramsey was survived by his son, William Ramsey, a resident of Detroit, Mich., and a daughter, Mrs. Jane Ramsey Thorpe, a resident of Philadelphia, Pa. Ten or twelve years before Dr. Ramsey's death, the appellant, Jeff Moore, verbally leased from him a farm for a term of one year, and, without making a new lease, remained on the farm and the relation of landlord and tenant continued until Dr. Ramsey's death. The tenancy began about February 1st in the year the lease was made. On November 30, 1936, Mrs. Ramsey notified Moore in writing that she desired possession of the farm which he refused to surrender, and on March 20, 1937, she instituted forcible detainer proceedings in the Bell county court against Moore to recover its possession. A trial resulted in a verdict of not guilty, and, on traverse to the circuit court, Mrs. Ramsey's motion for a peremptory instruction in her favor was sustained, and, from the order of restitution, Moore has appealed.

Appellant bases his claim for a reversal of the judgment solely on the contention that the relation of landlord and tenant did not exist in any form between Mrs. Ramsey and himself, and that therefore she was not entitled to the writ of forcible detainer. His argument rests primarily on the theory that actual possession is necessary to support such an action. Section 452 of the Civil Code of Practice defines a forcible entry as "an entry without the consent of the person having the actual possession," and a forcible detainer as "the refusal of a tenant to give possession to his landlord after the expiration of his term; or of a tenant at will or by sufferance to give possession to the landlord after the determination of his will." Neither the title nor

the legal right to possession is involved in a forcible entry proceeding, but, if the relation of landlord and tenant exists, an action of forcible detainer may be maintained by the one having the right to possession. Pemberton v. Harden, 258 Ky. 538, 80 S. W. (2d) 589; Conley v. Shepherd, 237 Ky. 128, 35 S. W. (2d) 5; Lovely v. Stacey, 171 Ky. 338, 188 S. W. 389.

The relation of landlord and tenant existed between Dr. Ramsey and appellant, and it is conceded that if the. relation existed between appellant and Mrs. Ramsey after Dr. Ramsey's death, she could maintain an action of forcible detainer and the judgment should be affirmed. After the death of the husband, the wife has an estate for life in one-third of all his real estate. Kentucky Statutes, sec. 2132. Section 2138 of the Kentucky Statutes provides that:

> "The wife shall be entitled to one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned, and she shall hold the mansion house, yard, garden, the stable and lot in which it stands, and an orchard, if there is one adjoining any of the premises aforesaid, without charge therefor, until dower is assigned her."

In the instant case, the widow and two children of Dr. Ramsey were entitled to one-third of the rents each. Their rights so far as the rent was concerned were identical, and either of them could have maintained an action of forcible detainer. It has been held that one or more of several joint tenants may maintain the action. Lancaster v. Lancaster, 41 S. W. 34, 19 Ky. Law Rep. 577; Mason v. Bascom, 3 B. Mon. 269, 272. In Clore's Adm'r v. Clore, 215 Ky. 532, 284 S. W. 385, 386, it was said:

> "Section 2138, Kentucky Statutes, creates a liability of the heir to the widow, not a liability of the personal representative to her. She is a joint owner of the land with the heir, and the amount of the rent and its apportionment between them must be fixed as in the case of other joint owners, where one owns one-third of the land and the other two-thirds, except that nothing is to be deducted as against the widow for taxes, repairs, water rents, insurance, etc."

In Daily v. Rudy, 205 Ky. 658, 266 S. W. 347, 348, James H. Rudy had devised to his wife a life estate in a tract of land owned by him at the time of his death. During James H. Rudy's life, Daily was his tenant either at law or by sufferance. After Rudy's death, his widow brought an action of forcible detainer against Daily. It was argued that the relation of landlord and tenant did not exist between Daily and Mrs. Rudy, but it was held that such relation did exist, since, upon Rudy's death and devise of the life estate to his wife, Daily became her tenant.

In the case before us, Mrs. Ramsey owned a life estate in one-third of the land, and, upon the death of her husband, appellant became her tenant as well as the tenant of Dr. Ramsey's two children who owned the remaining interest in the land. Appellant relies upon Clinton v. Clinton, 5 Ky. 432, 2 Bibb. 432, in which it was held that Jane Clinton, who had sued out a warrant for forcible detainer against William Clinton, her deceased husband's tenant, had failed to show that she was entitled to the possession of the premises in question, since she was neither her husband's heir at law nor his devisee. That case was decided in 1811, and the statute then in force did not give the widow one-third of her husband's real estate for life. Under the statute then in force, the widow, after the death of her husband, was permitted to "tarry in the mansion house of her husband, and the plantation thereto belonging rent free" until her dower was assigned her. See Clore's Adm'r v. Clore, supra. In the Clinton Case the premises in controversy were not a part of "the mansion house of her husband, and the plantation thereto belonging," and, consequently, the widow was not entitled to possession. In the case before us, the widow and two children of Dr. Ramsey were entitled to possession of the land in controversy, and the relation of landlord and tenant existed between appellant and appellee.

The judgment is affirmed.